## UNITED STATES ex rel. WEINSTEIN et al. v. UHL, Assistant and Acting Immigration Com'r.

(District Court, S. D. New York. January 14, 1920.)

No. M5-203.

1. Habeas corpus ⬡⟳33—Alien, arrested for deportation and refused release on bail duly fixed by proper authority, entitled to release.

Where a warrant issued by the Department of Labor for the arrest of an alien for deportation provides, in accordance with Immigration Act Feb. 5, 1917, § 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k), that pending further proceedings the alien may be released from custody on furnishing satisfactory bond in the sum of $10,000, the refusal of the immigration officers to accept such bond when tendered renders the detention of the alien thereafter without authority and unlawful, and he is entitled to release on habeas corpus.

2. Aliens ⬡⟳54—"Hearing" and "hearings" in proceedings for release on bond in deportation proceedings include preliminary hearings.

The word "hearing," or "hearings," as used in Immigration Act Feb. 5, 1917, § 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k), pro· viding for the release of aliens taken in custody on bond conditioned on their production when required for hearing, or hearings, in regard to the charges on which they were taken into custody, and for deportation if unlawfully within the United States, include any hearing, whether preliminary or otherwise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hearing.]

Habeas corpus, on petition of Sarah Weinstein, mother of Gregory Weinstein, and on petitions of Max Gendlin and others, against Byron H. Uhl, Acting Commissioner of Immigration at Ellis Island. Writs granted on condition.

Charles Recht, of New York City, for relators Weinstein and others.
Harry Weinberger, of New York City, for relators Gendlin and others.
Francis G. Caffey, U. S. Atty., and John E. Joyce, Asst. U. S. Atty., both of New York City, for respondent.

KNOX, District Judge. Upon December 30, 1919, the Acting Secretary of Labor issued a warrant of arrest for an alien named Gregory Weinstein, upon the alleged ground that said alien had been found in the United States in violation of the Immigration Act of October 16, 1918 (Comp. St. Ann. Supp. 1919, §§ 4289¼b[1]–4289¼b[3]), for the following among other reasons: That he is a member of or affiliated with an organization that entertains a belief in the overthrow by force or violence of the government of the United States; that he

---

is a member of or affiliated with an organization that advocates the overthrow by force or violence of all forms of law; that he is a member of or affiliated with an organization that advocates the overthrow by force or violence of the government of the United States; that he is a member of or affiliated with an organization that teaches the overthrow by force or violence of the government of the United States; that he is a member of or affiliated with an organization that teaches opposition to all organized government; that he is a member of or affiliated with an organization that entertains opposition to all organized government. Thereupon the warrant authorized the Acting Commissioner of Immigration at Ellis Island, N. Y., to take the said alien into custody and to grant him a hearing to enable him to show cause why he should not be deported in conformity with law. After the recital of some further matter, not now material, the warrant contains this provision:

"Pending further proceedings, the alien may be released from custody upon furnishing satisfactory bond in the sum of $10,000."

Upon January 5, 1920, the said Weinstein was taken into custody. Upon January 10, Sarah Weinstein, upon behalf of her son, Gregory, presented to this court a petition for a writ of habeas corpus, in which it was alleged upon information and belief that the relator was given a hearing before the inspectors of immigration upon January 8, 1920, and that at the conclusion of said hearing bail in the sum of $10,000 was tendered to one of the officials upon Ellis Island, whereupon counsel was informed that the said hearing had not been satisfactory to the government officials, for the reason that the relator had refused to answer the questions of the inspectors of immigration, upon the ground that he might be incriminated thereby.

Attached to the petition is an affidavit made by one Rose Weiss, an attorney at law, wherein the foregoing allegations are substantiated with considerable detail. In this affidavit the further averment is made that one of the officials at Ellis Island said that he did not consider the hearing a "proper hearing," and that until the said Weinstein answered the questions (put to him by the inspectors) his release on bail would not be permitted. Upon this petition, and its supporting affidavits, a writ issued, and a return was made upon January 13, 1920.

The return does not controvert the matter hereinbefore recited as being contained in the moving papers. It does, however, ask that the writ be quashed upon the ground (among a number of others) that the petition does not allege facts sufficient to show that the proceedings by the Department of Labor upon its warrant of December 30, 1919, have been terminated; the theory being that until said proceedings, or at least a preliminary hearing, have been completed, or have been protracted over an unreasonable length of time, the writ of habeas corpus will not lie.

The return then proceeds to recite the facts of the relator's arrest, and alleges that upon January 8, 1920, a hearing was commenced and the warrant of arrest read to the relator. The hearing continued upon January 9, but has not, it is averred, been completed. It is also stated

that the hearing will be speedily resumed and continued until all the evidence in support of the charges contained in the warrant have been presented, and until Gregory Weinstein shall have had a full and fair opportunity to present such evidence as he may be advised.

A transcript of the hearing so far had is made a part of the return, and from this it appears that the relator, aside from giving his name, age, and country of birth, refused to answer all material questions put to him, for the alleged reason that his attorney was not present at the hearing. Upon January 10 the alien was asked if he was ready to answer the questions, and he replied:

"As I stated yesterday, I want previously to consult with my lawyer."

The inspector then addressed the relator as follows:

"I will adjourn your case until 10:30 Saturday morning, January 10, 1920. I have informed you fully as to the charges upon which you are held at Ellis Island, and also regarding the rule promulgated by the Acting Secretary regarding the appearances of counsel in your behalf. Your hearing upon the 10th may be the last opportunity that will be afforded you to show cause, as directed by the Acting Secretary, why you should not be deported in conformity with law."

[1] The writ of the court having intervened upon January 10, the case was adjourned subject to the call of the government. The rule promulgated by the Acting Secretary, and referred to by the inspector, is as follows:

"Preferably at the beginning of the hearing under the warrant of arrest, or at any rate as soon as such hearing has proceeded sufficiently in the development of the facts to protect the government's interests, the alien shall be allowed to inspect the warrant of arrest and all the evidence on which it was issued, and shall be apprised that thereafter he may be represented by counsel. The alien shall be required then and there to state whether he desires counsel or waives the same, and his reply shall be entered on the record. If counsel be selected, he shall be permitted to be present during the further conduct of the hearing, to inspect and make a copy of the minutes of the hearing so far as it has proceeded, and to offer evidence to meet any evidence theretofore or thereafter presented or adduced by the government."

In passing I may say that I do not consider the validity, reasonableness, or propriety of this rule to be here involved. The question for determination is whether upon the foregoing facts the relator is now entitled to be released upon bail.

In order to reach a conclusion, I do not consider it necessary to enter upon a discussion as to what are the constitutional rights of an alien arrested for deportation, which, of course, were it not for the Immigration Law itself, would involve the alien's right to bail. I think the present litigation may be decided solely upon the Immigration Law; that is to say, upon the warrant issued, its provision for bail, and the refusal of the Ellis Island officials to abide thereby.

[2] Section 20 of the Immigration Law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k) now in force provides:

"Pending the final disposal of the case of any alien so taken into custody, he may be released under a bond in the penalty of not less than $500 with security approved by the Secretary of Labor, conditioned that such alien shall be produced when required for a hearing or hearings in regard to the

charge upon which he has been taken into custody, and for deportation if he shall be found to be unlawfully within the United States."

I do not question in any degree the warrant upon which this alien has been taken into custody, nor do I intimate that it was incumbent upon the authority issuing the warrant to fix bail, nor do I pass upon the alien's right to the presence of counsel. My inquiry is solely as to whether, bail having been fixed, it must, in the absence of suggestion as to its insufficiency, be taken. The urgency of the present case and a number of others dependent upon it precludes a lengthy discussion of what appear to me to be the principles of law here applicable.

I appreciate fully the power and authority of the executive departments of the government in matters of deportation, and I should not consciously impair the lawful exercise thereof; indeed, its maintenance is of the highest importance. Nevertheless, when the Department of Labor exercises its authority, and in so doing accords to an alien rights and privileges which the law says may be accorded to him, I fail to see why the alien is not entitled to their enjoyment.

It is contended by the government that I have no jurisdiction in the instant case for the reason that, if the officials of the Department of Labor, in whose custody the relator finds himself, act improperly, the relator's remedy is by appeal to a higher authority within that department. I think the sufficient answer to this argument is that the warrant of December 30, 1919, is the only authority for the arrest of Weinstein; that this warrant, within itself, contained a limitation of the power to be exercised under it; and that to the extent that Weinstein is deprived of his liberty in excess of such limitation he is unlawfully detained, and is entitled to assert his rights by way of habeas corpus.

Suppose, for instance, the proper authority at Ellis Island had, after hearing, found that an alien in a given case was unlawfully within the country and should be deported, and that the alien had exercised his right of appeal to the Secretary of Labor, who, upon examination of the record, reversed the finding of the local officials and ordered the alien released. Continuing the illustration, suppose that, upon receiving the order of the Secretary, the Commissioner of Immigration, either arbitrarily or otherwise, continued the alien in custody; could it then properly be argued that the alien should appeal for relief, not to the courts, but to the Secretary of Labor? I think that in such case habeas corpus would undoubtedly lie; and, if so, it will lie here. In the case before me the Acting Secretary of Labor has directed to be done a certain thing which the Commissioner has failed to do, and his failure so to do gives this court jurisdiction.

It is suggested that the provision for bail contained in the warrant becomes operative only when the government has completed its preliminary examination. The section of the Immigration Law above quoted says that the bond shall be conditioned that the alien shall be produced when required for a hearing or hearings. These words, beyond doubt, include any hearing, be it preliminary or otherwise, and I am forced to the conclusion that the extent of the jurisdiction of the respondent over the relator was to take the latter into custody, and,

pending his hearing, upon the presentation of a good and sufficient bond in the sum of $10,000, properly conditioned, to admit him to bail. This has not been done, and the present restraint of the relator is therefore unlawful. If I am correct in this conclusion my right to now act in the premises would seem to be supported by Gegiow v. Uhl, 239 U. S. 3, where at page 9 (36 Sup. Ct. 2, 3 [60 L. Ed. 114]) the court said:

"* * * And when the record shows that a commissioner of immigration is exceeding his power, the alien may be released on habeas corpus."

The relator here, as was the case in Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, was imprisoned for deportation without the process of law to which he is given a right. (True, Weinstein has the right as a matter of grace from the Department of Labor; it is, notwithstanding, a right.) In Re Greathouse, 10 Fed. Cas. 1059, No. 5,741, the relator was imprisoned under the judgment and sentence of the court before which he sued out his writ, and he claimed to be entitled to his discharge by virtue of the presidential proclamation of December 8, 1863. The application was resisted upon the ground that the court had no jurisdiction. The question was resolved to the contrary and the relator discharged. A right accorded by the executive himself was in controversy, and the court held that it had the right to vindicate the President's act of grace. Why, may it be asked, have I not the right here to validate and make real a lesser act of grace upon the part of an executive department?

I shall therefore sustain the writ, unless, as directed by the warrant of deportation, the Commissioner of Immigration forthwith admit the relator to bail pending the completion of the hearings to be accorded the relator.

The writs sued out by the relators Gendlin et al. are hereby similarly disposed of.