UNITED STATES ex rel. LOUCAS v. COMMISSIONER OF IMMIGRATION.

District Court, S. D. New York.

May 5, 1931.

Shorr, Brodsky & King, of New York City (Carol Weiss King, of New York City, of counsel), for relator.

George Z. Medalie, U. S. Atty., of New York City (Vito Marcantonio, of New York City, of counsel), for respondent.

WOOLSEY, District Judge.

This writ is dismissed, without prejudice, as premature.

I. The writ was inadvertently allowed by me in disregard of subdivision b of General Rule XIV of this court governing the allowance of writs of habeas corpus in exclusion and deportation cases, which reads as follows:

"(b) Writs will not be allowed unless the petition shows in exclusion cases that the alien has appealed from an order of exclusion of a board of special inquiry, and that the Secretary of Labor has affirmed the exclusion and ordered the alien deported; or in deportation cases that the Secretary of Labor has issued a warrant of deportation."

That rule embodies the normally appropriate attitude of the federal courts vis-à-vis the executive branch of the government.

II. Possibly the circumstances might in some case be so exceptional as to justify intervention by a writ of habeas corpus at an earlier stage of the proceeding than Rule XIV indicates. For an instance, see Whitfield v. Hanges, 222 F. 745, 755 (C. C. A. 8). But ordinarily it would be insupportable for the courts thus to interfere ad interim with the enforcement of our laws by the appropri-

ate executive department. Administrative redress should always be exhausted before recourse is had to the Courts.

III. Here there is not any ground shown to take this case out of the ordinary rule.

The only record submitted shows that the relator had asked for and been accorded the right to confer with counsel. There has not been any undue delay in his hearings. Indeed any delay which may have occurred appears to have been due to this premature and wholly inappropriate application. Settle order on one day's notice.