UNITED STATES ex rel. ZAPP et al. v. DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION.

No. 361.

Circuit Court of Appeals, Second Circuit.

June 6, 1941.

Emil Morosini, Jr., of New York City (Daniel F. Cohalan, Jr., of New York City, on the brief), for appellants.

George B. Schoonmaker, Asst. U. S. Atty., of New York City (Mathias F. Correa, U. S. Atty., of New York City, on the brief), for respondent.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The petition for the writ of habeas corpus herein shows that relators-appellants were arrested pursuant to warrants issued by the Department of Justice and are now in the custody of the District Director of Immigration and Naturalization at Ellis Island, New York, pending hearings on deportation charges. They are German nationals who were admitted to this country as newspaper men under a treaty between our government and Germany and were therefore entitled to enter "to carry on trade" under such treaty provision. 8 U.S.C.A. § 203(6). They have now been indicted in the District of Columbia, and have been released on bail awaiting trial, for failing to register as required by the statute providing for the registration of "foreign propagandists," 22 U.S.C.A. §§ 233a–233g, and in the case of relator Zapp, upon the further charge of having filed a false registration statement under this statute. And deporta-

tion is now being sought because they have remained in this country after failing to maintain the exempt status, i. e., that of a trader, under which they were admitted as non-immigrants. 8 U.S.C.A. § 214.

The grounds upon which the relators now seek their release concern the fact that the criminal charges against them in the District of Columbia are based upon essentially the same facts as those upon which their deportation is sought. They contend that in consequence they are deprived of two important constitutional immunities: the presumption of innocence of crime and the privilege against self-incrimination, which are guaranteed to aliens, as well as citizens, as due process of law under the Fifth Amendment of the Constitution of the United States. Wong Wing v. United States, 163 U.S. 228, 16 S.Ct. 977, 41 L.Ed. 140. The argument is that, since they must establish their right to remain in this country, United States ex rel. La Buda v. Karnuth, D.C.W.D.N.Y., 47 F.2d 944, affirmed 2 Cir., 47 F.2d 945; 8 U.S.C.A. § 155, they are met with essentially a presumption of guilt in the proceedings for deportation, that this is in direct conflict with the presumption of innocence of the criminal charges, and that the latter presumption must be protected. And further, they will be compelled to testify to satisfy the burden against them herein, since silence is "often evidence of the most persuasive character." United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 153, 154, 44 S.Ct. 54, 56, 68 L.Ed. 221; United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 111, 47 S.Ct. 302, 71 L.Ed. 560. Thus, since the facts are the same, they will be required to incriminate themselves with respect to the accusations of crime.

■ It might be a sufficient answer to say that as yet these things have not happened. Thus relators have not yet been compelled to testify or to sacrifice any vital rights, and they have the opportunity to claim those rights if and when they are called upon actually to forego them in the proposed deportation hearings. But we prefer to put decision upon broader grounds. It is well established that the expulsion of aliens is a sovereign power necessary to the safety of the country, to be regulated by the legislative department by such statutes as it deems wise policy to require. Mahler v. Eby, 264 U. S. 32, 39, 44 S.Ct. 283, 68 L.Ed. 549; Fong Yue Ting v. United States, 149 U.S. 698, 730, 13 S.Ct. 1016, 37 L.Ed. 905. Deportation, however harsh to the individual, is not punishment; it is a proceeding civil, and not criminal, in nature. Id. We think it quite clear that the right of Congress to provide for the elimination of undesirable aliens is not hampered or limited by the fact that such aliens may have become entangled with other prohibitions of law. The proceedings in deportation matters are entirely apart from any proceedings to enforce the criminal laws and must proceed according to the statutes regulating them. As pointed out in the Vajtauer case, supra, and compare Graham v. United States, 9 Cir., 99 F.2d 746; Id., 9 Cir., 112 F.2d 907, the privilege against self-incrimination may be operative in those proceedings; but in that event the alien's silence may be evidence against him. Any limitation upon the right to exclude aliens because of other provisions of municipal or national law would, of course, be a serious impairment of sovereignty and might well produce dangerous results. Relators, therefore, are not entitled to their release herein because of the pendency of the criminal charges.

Relators further complain because release on bail was refused them. The warrant for their arrest originally directed their admission to bail, but later, by direction of the Attorney General, bail was refused. They claim this as a matter of right under the provision of the last sentence of Section 20 of the Immigration Act of 1917, 8 U.S.C.A. § 156, as follows: "Pending the final disposal of the case of any alien so taken into custody, he may be released under a bond in the penalty of not less than $500 with security approved by the Secretary of Labor [Attorney General],[1] conditioned that such alien shall be produced when required for a hearing or hearings in regard to the charge upon which he has been taken into custody, and for deportation if he shall be found to be unlawfully within the United States." This claim, also, was

[1] The powers under the immigration acts formerly committed to the Secretary of Labor have now been transferred to the Attorney General pursuant to reorganization of the executive departments. See 5 Fed.Reg. 2223, 5 U.S.C.A. § 133t note, Reorganization Plan No. 5.

overruled by the district court, which held the provision for bail discretionary, and not mandatory, with the Attorney General.

The natural interpretation of the language used, that the alien "may be released under a bond," would indicate that the release is discretionary with the Attorney General; and that appears to be borne out by other provisions of this section, as well as other sections of the immigration laws, where the choice of words appears to have significance. This is a long section, where the word "shall" is used some eleven times, and each time apparently with care. In fact its use in the first sentence of the section is illustrative; here it is stated that the deportations of the aliens "shall, at the option of the Secretary of Labor [Attorney General], be to the country whence they came" or to the foreign port of embarkation. The language is thus apt to confer a limited discretion as to the destination only, while leaving the command to deport in full force. It does not, as relators claim, show a legislative formula to confer discretion; it does show care and discrimination in the choice of language.

The provision in question comes from a like provision of the Immigration Act of 1907, § 20, 34 Stat. 904, 905, though there it was limited to certain grounds of deportation only. And before 1907, no right to bail existed in these proceedings. The construction of the 1907 Act likewise discloses a careful choice of language and indicates that the permissive form of expression was intentionally chosen. Further, it would seem the more natural under the circumstances; for any other course would tie the hands of the government even in restraining dangerous foreign enemies within our borders. As pointed out in Wong Wing v. United States, supra, 163 U.S. at pages 235, 237, 16 S.Ct. 977, 41 L.Ed. 140, there is no absolute right to freedom under such circumstances and no occasion to construe the statute broadly and loosely to accord it.

Relators rely on the case of Prentis v. Manoogian, 6 Cir., 16 F.2d 422, where the right to bail was upheld; but with all deference we do not feel we can adopt the conclusion there reached. The court was influenced by the fact that in certain instances in the immigration statutes discretion was conveyed in so many words; hence it found an absence of discretion granted by lack of such express words. But we feel that not enough note was taken of the careful choice of "may" here in contrast with the mandatory form of other statements, or of the policy which would dictate such discrimination. True, "may" may at times signify "must" with reference to the action of a public officer for the benefit of the public, Rock Island Supervisors v. United States, 4 Wall. 435, 71 U.S. 435, 18 L.Ed. 419; but this is a rule of construction only, to carry out the purpose and intent of the statute. And the permissive construction is quite usual. United States ex rel. Siegel v. Thoman, 156 U.S. 353, 15 S.Ct. 378, 39 L.Ed. 450; Farmers' & Merchants' Bank of Monroe, N. C., v. Federal Reserve Bank of Richmond, Va., 262 U.S. 649, 662, 663, 43 S. Ct. 651, 67 L.Ed. 1157, 30 A.L.R. 635; Federal Land Bank of Springfield v. Hansen, 2 Cir., 113 F.2d 82. Bail to an alien was assumed to be discretionary in Colyer v. Skeffington, D.C.Mass., 265 F. 17, 77, 78, reversed on other grounds 1 Cir., 277 F. 129, as well as in a case in the Southern District of New York, United States ex rel. Vassiliades v. Commissioner, [2] 1938; it is assumed to be so by a rule of the latter court. Rule 18(b), formerly Rule 14(b), forbidding a habeas corpus proceeding until all remedies before the immigration authorities have been exhausted or the Secretary of Labor has issued a deportation warrant. See United States ex rel. Loucas v. Commissioner of Immigration, D.C.S.D.N.Y., 49 F.2d 473; United States ex rel. Petersen v. Commissioner of Immigration, D.C.S.D.N.Y., 1 F.Supp. 735. The decision of Judge Knox in United States ex rel. Weinstein v. Uhl, D.C.S.D.N.Y., 266 F. 929, there requiring bail, was on the quite different ground that the local authorities had violated their instructions to grant bail.

Affirmed.

---

[2] No opinion for publication.