**UNITED STATES ex rel. FOOK TONG v. WATKINS, District Director of Immigration and Naturalization.**

District Court, S. D. New York.

April 25, 1944.

---

Joseph J. Davidson, of New York City, for relator.

James B. M. McNally, of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

The relator is a citizen of China. Without a valid visa, and not exempted from presentation thereof, he entered the United States from China as a seaman and has remained here for a period longer than is permissible after such an entry. 8 U.S.C.A. §§ 155, 156, 166, 214 and 222. He admits that he is now in this country illegally and is subject to deportation. He raises only two questions. One of these is as to the country to which he has been ordered deported and the other is as to bail.

During the present war he cannot go to China. Accordingly, he has been directed to be sent to India. He objects to this. He bases his opposition on two grounds. These are, as he claims, (1) that India is not a country to which the law authorizes him to be deported and (2) that it is occupied by Japanese military forces. I think neither contention has been sustained.

By an amendment dated July 13, 1943, 57 Stat. 553, c. 230, Section 156 to Title 8 of the United States Code Annotated, United States Code Congressional Service, 1943, No. 5, p. 511, it was provided as follows:

"If the United States is at war and the deportation * * * shall be found by the Attorney General to be impracticable or inconvenient because of enemy occupation of the country whence such alien came or wherein is located the foreign port at which he embarked for the United States or because of other reasons connected with the war, such alien may, at the option of the Attorney General, be deported * * * (b) * * * to a country or any political or territorial subdivision thereof which is proximate to the country of which the alien is a citizen or subject, or, with the consent of the country of which the alien is a citizen or subject, to any other country."

The court judicially knows that India is a country proximate to China. The court does not know, nor has it been shown by the evidence, that the Japanese military forces occupy any part of India

to which the relator would be sent, or to which it is planned to send him, if conveyed to that country by or at the instance of the United States. It follows that neither branch of the first contention of the relator has been established.

According to my information Japanese forces in India occupy only certain subdivisions of it. If this be true, it would seem that one may safely assume that no civilian ship in which the relator would be transported, if sent to India, would go to a section which would be occupied by the Japanese.

I conclude, therefore, that the deportation of the relator to India, so far as appears, would not violate the applicable statute.

At the oral argument it was insisted by counsel for the relator that, under the conditions existing in the present case, the 1943 amendment quoted above authorizes deportation to a country "allied" with the United States and that India is not so allied.

This contention rests on the use of the word "allied" in the title to the amendatory act. This title is as follows: "An Act to authorize the deportation of aliens to countries allied with the United States." I have not discovered that this word is used anywhere else in the statute.

To the argument in behalf of the relator on this point I think there are two adequate answers.

■■ The first reply is that, on my judicial knowledge, I feel bound to say that India is embraced within the British Empire with which, concededly, our country is allied; and that, hence, within the true sense of the word "allied" contained in the title of the amendment, we are allied in fact to India. No evidence to the contrary has been brought to my attention.

■ In the second place, not only does what is included in the title not govern, but it is wholly without influence, in ascertaining the meaning of anything appearing in the body of the statute unless the language there used be ambiguous (Maguire v. Commissioner of Internal Revenue, 313 U.S. 1, 9, 61 S.Ct. 789, 85 L.Ed. 1149); and

here the meaning of the word "proximate," which controls, is clear and entirely free from doubt.

Apparently anticipating that there may be further delay in his departure from the United States, the relator asks for bail.

He entered California on October 14, 1941. The hearings afforded him and the other proceedings in his case were regular and in compliance with law.

He was apprehended September 28, 1943. The taking of testimony and the other proceedings attended by him occurred in California. His deportation was approved by the proper authorities at Washington. The deportation warrant was issued November 10, 1943. He was transferred to New York February 17, 1944.

When we consider the mass of work to be done in each deportation proceeding handled and the number of such cases in the Department of Justice, it seems manifest that the delay in the present case has not been unduly great; certainly not sufficient to be characterized as unreasonable. Through his illegal entry, the alien has been able to remain in this country two and a half years. Not improbably his release on bail now would result in considerable difficulty in retaking him for the purpose of executing the deportation order.

■ Moreover, the alien is not entitled of right to bail. United States v. District Director of Immigration, etc., 2 Cir., 120 F.2d 762, 765. Whether bail should be allowed is—at least in the first instance—for the determination of the Attorney General. There is no showing that he has sought the Attorney General's authorization of bail nor is there any basis for his suggestion that any one in the Department of Justice has acted unreasonably in denying bail.

If it be assumed (though I do not so hold) that the court is empowered to pass on the matter, the record discloses no ground whatever for granting bail.

In conformity with the foregoing, the petition for a writ is dismissed and bail is denied. Settle order on two days' notice.