UNITED STATES ex rel. McQUILLAN v. DELANY, Officer, Immigration and Naturalization Service.

No. 686 Misc.

United States District Court
E. D., Louisiana.
New Orleans Division.
Nov. 16, 1950.

Joseph D. Hyland New Orleans, for petitioner.

John N. McKay, U. S. Atty., Amos L. Ponder, Jr., Asst. U. S. Atty., New Orleans, La., for respondent.

WRIGHT, District Judge.

### Findings of Fact, Conclusions of Law, and Judgment

The above matter coming before this court for hearing on November 16, 1950, as a result of Order to Show Cause issued on November 10, 1950, the petitioner being represented by his attorney, Joseph D. Hyland, and the respondent being represented by his attorneys, John N. McKay, United States Attorney, and Amos L. Ponder, Jr., Assistant United States Attorney, and after due consideration of the pleadings and the evidence presented, the Court concluded in an oral opinion that the respondent's Return to Order to Show Cause was sufficient and that the petition for writ of habeas corpus should be denied. Pursuant to Fed. Rules Civ. Proc. rule 52, 28 U.S.C.A., the Court makes the following findings of fact and conclusions of law and directs entry of judgment.

### Findings of Fact

1. That the petitioner is an alien seaman, native and citizen of Australia and is not a lawful resident of the United States.

2. That the respondent is the Officer in Charge of the New Orleans Office of the Immigration and Naturalization Service.

3. That the respondent took custody of the petitioner pursuant to a warrant of arrest for the petitioner issued October 26, 1950, by Joseph Savoretti, District Director of the Miami District of the Immigration and Naturalization Service, which warrant stated that the petitioner appeared to be subject to deportation under the Immigration Act of May 26, 1924, 8 U.S.C.A. § 201 et seq., and directed the respondent to take petitioner into custody and to grant him a hearing to enable him to show cause why he should not be deported in conformity with law.

4. That the petitioner has been accorded a deportation hearing, but final decision as to his deportability has not been made.

5. That the above warrant of arrest, when issued, authorized the respondent to release petitioner under bond in the amount of $500.00, but that subsequent to its issuance Joseph Savoretti, District Director of the Immigration and Naturalization Service for the Miami District, directed respondent not to release petitioner under bond for the reasons stated in allegation IV of the Return to Order to Show Cause.

### Conclusions of Law

1. That the respondent and Joseph Savoretti, District Director of the Immigration and Naturalization Service for the Miami District, are acting for and in behalf of the Attorney General in continuing to hold the petitioner in custody and refusing to release him under bond.

2. That Section 20 of the Immigration Act of February 5, 1917, as amended by Section 23 of the Internal Security Act of 1950, Public Law 831, 81st Cong. c. 1024, 2d Sess. 8 U.S.C.A. § 156, vests in the Attorney General of the United States the discretion: "Pending final determination of the deportability of any alien taken into custody * * * such alien may, in the discretion of the Attorney General (1) be continued in custody; or. (2) be released under bond in the amount of not less than $500, with security approved by the Attor-

ney General; or (3) be released on conditional parole."

 3. That implicit in the authority of the Attorney General to grant or deny bail pursuant to Section 20 of the Immigration Act of February 5, 1917, as amended by Section 23 of the Internal Security Act of 1950, Public Law 831, 81st Cong. c. 1024, 2d Sess., 8 U.S.C.A. § 156, is the authority to revoke bail.

 4. That the Attorney General's refusal to release the petitioner on bail pending disposition of the deportation proceeding is final in absence of a clear and convincing showing by the alien that the denial was without reasonable foundation. Potash v. District Director, 2 Cir. 1948, 169 F.2d 747.

 5. That petitioner has failed to prove the Attorney General abused the discretion vested in him by Section 20 of the Immigration Act of February 5, 1917, as amended, by refusing to grant bail to the petitioner.

It Is Ordered that the petition for writ of habeas corpus be and is hereby dismissed.