**UNITED STATES ex rel. DI MAGGIO v. SHAUGHNESSY.**

United States District Court
S. D. New York.
May 9, 1951.

Gaspare M. Cusumano, New York City, for relator.

Irving H. Saypol, U. S. Atty. for Southern District of New York, New York City, William J. Sexton, Asst. U. S. Atty., Lester Friedman, Attorney, Immigration and Naturalization Service, New York City, of counsel for respondent.

McGOHEY, District Judge.

After two hearings before a duly designated hearing examiner at Buffalo, New York, it was found that the relator had entered the United States as an immigrant without a valid immigration visa, that he entered not in possession of a valid passport or other travel document in lieu thereof, that he entered without inspection and that he was a stowaway at the time of entry. The hearing examiner's order of November 21, 1950, that the relator's application for voluntary departure be denied and that he be deported from the United States, was adopted January 5, 1951, by the Assistant Commissioner of Immigration and Naturalization. The Board of Immigration Appeals dismissed relator's appeal on February 15.

It is clear from the record of the administrative proceedings that the relator is deportable and that there is no support for the assertion that legal errors were committed by the administrative authorities. It is also clear that denial of the application for voluntary departure was ordered in the exercise of administrative discretion. That discretion is not reviewable.[1] But even if it were, the record supports the manner of its exercise here.

Relator, who at all times has been represented by counsel, testified that he had reason to believe that his father had, while residing in the United States from about 1900 to 1915, been naturalized as a United States citizen. It is now requested on his behalf that he be released on bail for the purpose of "constituting an investigation to determine the fact that his father has been naturalized as a citizen of the United States." No convincing reason has

1. United States ex rel. Salvetti v. Reimer, 2 Cir., 103 F.2d 777.

been advanced to show the necessity for his personal investigation. The immigration authorities have checked the records of their central office and have discovered no record of the alleged naturalization. Moreover, they have checked the districts where the relator thought his father had lived in the United States. This check, too, yielded no proof of naturalization. It cannot be said, therefore, that failure to grant bail constitutes an abuse of discretion.

The writ is accordingly dismissed. Settle order.

