## SANNINO v. BODE.

### No. 7103.

United Staates District Court
W. D. Missouri, W. D.

Aug. 29, 1951.

James Daleo, Kansas City, Mo., for petitioner.

Sam M. Wear, U. S. Atty., Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., for respondent.

RIDGE, District Judge.

The granting of bail in a deportation case pending the final determination thereof, is not a matter of an alien's absolute right. United States ex rel. Zapp v. District Director of Immigration, 2 Cir., 120 F.2d 762; United States ex rel. Potash v. District Director of Immigration, 2 Cir., 169 F.2d 747.

Petitioner offers no evidence, whatever, in the instant proceeding as to how

and in what respects the Attorney General of the United States has abused the discretion vested in him by the Immigration and Naturalization Act and the Internal Security Act of 1950, by failing to enlarge petitioner on bail. Petitioner does not establish any legal grounds, whatever, for his residence in the United States. He offers no intimation of any fact that would tend to establish that the decision of the Hearing Officer, Turner A. Cochran, issued after hearing in the naturalization proceedings pending against petitioner, is illegal, invalid, or not supported by substantial evidence. The evidence before the Court is that the facts upon which that order is premised are correct.

To grant petitioner bail under the evidence presently before the Court would be to hold that petitioner is entitled to be enlarged pending the final disposition of the deportation proceedings pending against him as a matter of right. Such is not the law. Before petitioner is entitled to be so enlarged he must show some abuse of the power vested in the Attorney General. Otherwise, the courts are not warranted to interfere with the custody of the Attorney General and his duly authorized agents over deportees.

The fact that petitioner is given until September 7, 1951, in which to file briefs in his deportation proceedings does not warrant his release. Neither does the fact that if an appeal is taken in such proceedings it will remain pending for a period of approximately three months. As above stated, petitioner makes no attempt to prove that a substantial question of law or fact is involved in his deportation proceedings which would authorize a reversal of the decision of the Hearing Officer therein. Under such circumstances, if petitioner desires to appeal from such proceedings, the Attorney General may, in his discretion, retain him in custody, and, in so doing, no substantial right of petitioner is thereby involved. United States ex rel. McQuillan v. Delaney, D.C., 94 F.Supp. 184; United States ex rel. Mavrokefalus v. Murff, D.C., 94 F.Supp. 643; United States ex rel. DiMaggio v. Shaughnessy, D.C., 97 F.Supp. 513.

## Findings of Fact.

The Court finds the facts to be:

That petitioner is an alien seaman, native and citizen of Italy, and is not a lawful resident of the United States. That he entered the United States, at the Port of New York, October 15, 1948, as a member of the Crew of the S.S. Continental. That he remained with his ship at the Port of New York, until it sailed for Baltimore, where he went ashore and missed his sailing. That within a period of 10 to 20 days thereafter, petitioner abandoned his status as a seaman and has continuously remained in the United States since the date on which he was admitted as a seaman.

Petitioner is now in the custody of the Sheriff of Jackson County, Missouri, by virtue of a warrant for arrest of alien, issued pursuant to direction of the Attorney General of the United States, pending final deportation proceedings duly instituted against petitioner, in which said proceedings decision and order of deportation have been entered on the ground that petitioner abandoned his status as a seaman, and at no time thereafter resumed said status, and is now maintaining a residence, illegally, in the United States. Petitioner has until September 7, 1951, to file brief before the Hearing Officer in said proceedings.

The Attorney General of the United States, acting through the Commissioner of Immigration and Naturalization, has refused to release petitioner on bail pending final determination of said proceedings, for the reasons set forth in Exhibit D, attached to the answer and return of respondent to the writ of habeas corpus issued herein.

That respondent, A. H. Bode, is the District Director of Immigration and Naturalization Service for the Kansas City, Missouri, District, and is duly authorized to act as such, for and on behalf of the Attorney General of the United States.

## Conclusions of Law.

(1) Section 20(a), Internal Security Act of 1950, 8 U.S.C.A. § 156(a), vests in the Attorney General of the United States the discretion, "Pending final determination of

the deportability of any alien taken into custody under warrant of the Attorney General, such alien may, in the discretion of the Attorney General (1) be continued in custody; or (2) be released under bond in the amount of not less than $500, with security approved by the Attorney General; or (3) be released on conditional parole."

(2) The decision of the Attorney General to refuse to release petitioner on bail pending final disposition of the deportation proceedings against him is final in absence of a clear and convincing showing by petitioner that the denial is without reasonable foundation.

(3) Petitioner has failed to establish or prove by any competent evidence that the Attorney General has abused the discretion vested in him by Section 20(a), supra, by refusing to grant bail to petitioner.

It is ordered that the writ of habeas corpus heretofore issued herein should be, and the same is hereby, dissolved, and petitioner is remanded to the custody of respondent.