**Matter of the Petition for Review on behalf of Jose Zurrapa CAETANO or Jose Caetano Zurrapa, Petitioner,**

v.

**Edward J. SHAUGHNESSY, District Director of Immigration and Naturalization of the District of New York, Respondent.**

United States District Court
S. D. New York.

July 29, 1955.

Nemeroff, Jelline, Danzig & Paley, New York City, Aaron L. Danzig, New York City, of counsel, for petitioner.

J. Edward Lumbard, U. S. Atty., New York City, Eliot H. Lumbard and Lester Friedman, New York City, of counsel, for respondent.

BICKS, District Judge.

On the ground that after admission to the United States as a visitor for pleasure petitioner failed to comply with the conditions of such status, the Immigration and Naturalization Service ordered his deportation. Petitioner thereupon instituted this proceeding to review said determination. The respondent then moved to dismiss the proceeding pursuant to Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The parties have submitted affidavits and, upon the argument, the respondent handed up

the entire administrative file. The motion will therefore be treated as one for summary judgment.

The petition alleges that (i) no legal evidence of any nature was produced at the hearing that can form the basis of a finding and order for deportation; (ii) the decision and order was illegal and erroneous in that there was no legal substantial evidence on the record as a whole to support the same; and (iii) the proceedings were void in their entirety for failure to comply with the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

■ The third ground was heretofore raised by the very counsel who appear for the petitioner in this proceeding in Couto v. Shaughnessy, 2 Cir., 1955, 218 F.2d 758, certiorari denied 349 U.S. 952, 75 S.Ct. 879. It was rejected there and its present reiteration by counsel adds no weight to it.

In the administrative record, as Exhibit 2, is a signed, sworn statement dated September 29, 1954, bearing petitioner's name. It is admitted in said statement that Jose Caetano Zurrapa arrived at the Port of New York in July 1952 as a visitor intending to stay about sixty days and that he had not secured any extensions of his temporary stay. The statement discloses compliance with 8 C.R.F. 242.11(c), the officer who obtained the same having identified himself to Jose Caetano Zurrapa, warned him that any statements made by him may be used against him in any subsequent proceeding, and placed him under oath.

Based upon the information thus disclosed a warrant of arrest was served on petitioner charging him with violating Section 241(a) (9) of the Immigration and Naturalization Act, 8 U.S.C.A. § 1251(a) (9), in that after admission to the United States as a non-immigrant, to wit, a visitor for pleasure under Section 3(2) of the Immigration Act of 1924, he failed to comply with the conditions of such status.

The petitioner was afforded hearings before a Special Inquiry Officer to show cause why he should not be deported He admitted his name was Jose Zurrapa Caetano, that he was single, and that he was the same person upon whom the warrant of arrest bearing his name was served. Upon advice of counsel, he refused to answer the below noted pertinent questions concerning his status and entry, asserting as ground for such refusal that his answers might tend to incriminate him.

"When and where were you born?

"Of what country are you a citizen?

"I hand you now a record of a sworn statement made by one Jose Caetano Zurrapa before Immigration Officer William N. McGrath at Ellis Island, New York, September 29, 1954, and ask you if this appears to be your signature on this statement?

"Do you deny having made this statement to the Immigration Officer on September 29th?

"When and where did you last enter the United States?

"I have here a document taken from the Service file relating to you, it is a form 257D, bearing the visa classification V–924703, the same number as the one contained on the warrant of arrest, which you have identified as having been served upon you. It relates to Jose Zurrapa Caetano. It shows admission July 21, 1952 in New York, admitted to October 1, 1952, pleasure trip, under bond. I ask you if, in your opinion, this relates to your last entry into the United States?

"I have here now a Form I–404A, a certificate of admission of alien, pertaining to the arrival of one, Jose Zurrapa Caetano; age, 20; male; single, citizen of Portugal; arriving at the port of New York, New York July 17, 1952 on Pan American Airways Flight No. 051; admitted as a visitor; destined to Bernardino Vicente Costa at Yonkers, New York;

and I ask you if in your opinion that relates to your last entry into the United States?"

The Hearing Officer directed the petitioner to answer the said questions stating: "At this time I wish to advise you that the courts have consistently held that the Fifth Amendment to the Constitution of the United States protects a witness testifying in deportation proceedings from giving evidence which would tend to show his guilt under a Federal Statute. However, where there is no such showing, an alien may be compelled to testify. The evidence available in your case does not show that your answer, if made, would tend to be of aid in affecting a conviction for any federal offense and I will accordingly order you to answer the question." Petitioner, however, on the advice of counsel elected to remain mute.

Petitioner urges that because deportation often visits a great hardship upon an individual and deprives him of the right to stay and live and work in this land of freedom a person sought to be deported should be surrounded by the same safeguards as a person charged with a crime—that he should be endowed with the same privileges and immunities as the latter individual who is shielded with the cloak of innocence, cannot be compelled to give testimony against himself, and against whom no inference can be drawn from his refusal to testify. Sufficient answer to this position is that the courts have uniformly held to the contrary. Bilokumsky v. Tod, 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; Bugajewitz v. Adams, 228 U.S. 585, 591, 33 S.Ct. 607, 57 L.Ed. 978; Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586; United States ex rel. Zapp v. District Director of Immigration and Naturalization, 2 Cir., 1941, 120 F.2d 762.

██ "To defeat deportation it is not always enough for the person arrested to stand mute at the hearing and put the government upon its proof." Bilokumsky v. Tod, supra [263 U.S. 149, 44 S.Ct. 56]. The conduct of the defendant at the hearing forms a basis for an inference and such inference is evidence. As Mr. Justice Brandeis pointed out in the Bilokumsky case,

"Silence is often evidence of the most persuasive character. * * * there is no rule of law which prohibits officers charged with the administration of the immigration law from drawing an inference from the silence of one who is called upon to speak. * * * A person arrested on the preliminary warrant is not protected by a presumption of citizenship comparable to the presumption of innocence in a criminal case. There is no provision which forbids drawing an adverse inference from the fact of standing mute. It is not unreasonable to assume that one who may wish to challenge the executive's jurisdiction in the courts will not refrain from asserting in the proceedings before the executive the facts on which he relies." 263 U.S. at pages 153, 154, 155, 44 S.Ct. at page 56.

██ The Hearing Officer was entirely justified in inferring from petitioner's adamant refusal to testify that answers to the propounded questions would have established that petitioner obtained entry as a non-immigrant, to wit, a visitor for pleasure and that he failed to comply with the conditions of such status. Bilokumsky v. Tod, supra; United States ex rel. Zapp v. District Director of Immigration and Naturalization, supra.

A review of the record which was before the Board of Immigration Appeals satisfies the Court that the petitioner was accorded due process of law and that he had a fair hearing.

Accordingly respondent's motion is granted and the petition is dismissed.