**746**

Felipe DA COSTA

v.

J. W. HOLLAND, District Director, Immigration and Natralization Service.

Civ. A. No. 21478.

United States District Court
E. D. Pennsylvania.

Jan. 2, 1957.

J. J. Kilimnik, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff's motion for a preliminary injunction will be dismissed and summary judgment may be entered for the defendant on his motion. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; Caetano v. Shaughnessy, D.C., 133 F.Supp. 211; Quilodran-Brau v. Holland, 3 Cir., 232 F.2d 183, 185.

In the Quilodran-Brau case the Court said "Advised by his counsel he stood mute in answer to the questions but claimed no privilege under the Fifth Amendment and, indeed, from what we see in the record, could not have done so." In the present case the plaintiff did claim privilege under the Fifth Amendment but from what appears in the record his claim was baseless. It is well established that a deportation proceeding is civil, not criminal, in nature and that an order of deportation is not punishment for a crime. This plaintiff was not charged with any criminal offense nor was the proceeding for his deportation based upon any conduct of his which would have subjected him to criminal prosecution. The charge was that, being a visitor for pleasure, he failed to maintain his status, by accepting employment. The questions which he refused to answer could not, remotely, so far as anything appears from the record, have subjected him to any danger of criminal prosecution or penalty.

The plaintiff contends that the ruling of the Supreme Court in Slochower v. Board of Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692, overrules the Caetano case and others. Obviously, it was not so intended because, at the same

term, the Supreme Court affirmed Hyun v. Landon, 350 U.S. 990, 76 S.Ct. 541, 100 L.Ed. 856, Id., 9 Cir., 219 F.2d 404, 406. In that case it appears from the opinion of the Court below that "Appellant testified but refused to answer any question concerning Communist Party membership on the grounds that it might tend to incriminate him and that it violated his rights under the first amendment to the Constitution of the United States." It is true that there was other testimony, in the form of depositions, to the relator's presence at Communist meetings, but it was not entirely clear and satisfactory and the Court took into consideration, as additional and supporting evidence, the relator's refusal to testify, "Both this court and the Supreme Court of the United States have held that an inference may be drawn from the refusal of an alien to testify on his own behalf in deportation proceedings."