# STALLINGS *v.* SPLAIN, UNITED STATES MAR-SHAL IN AND FOR THE DISTRICT OF CO-LUMBIA.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 534.   Argued April 23, 1920.—Decided June 1, 1920.

A fugitive under indictment in one federal district may be arrested without a warrant by the marshal in another and may be detained for a reasonable time pending the initiation of removal proceedings; and a warrant issued upon the indictment in the first district will serve at least as probable cause for making the arrest.   P. 341.

When a person so arrested and detained procures a writ of *habeas corpus* and is bailed by the court to await a hearing, the pendency of the *habeas corpus* proceedings does not prevent the initiation of removal proceedings based on such indictment by affidavit before a United States Commissioner and issuance of warrant thereon.   P. 342.

And, in such circumstances, if he voluntarily appear before the commissioner and at his own request be bailed for his appearance in the foreign district to answer the indictment, the effect is to do away with any basis for the *habeas corpus*, since the actual restraint is terminated and the questions of the validity of the arrest and detention and of the right of removal are rendered immaterial. P. 343.

Under Rev. Stats., § 2294, as amended, and the rules of the General Land Office, a United States Commissioner who in taking proofs of applicants under the public land laws collects fees and commissions for transmission to the register and receiver, receives the money as commissioner and is indictable, if he embezzle it, under § 97 of the Penal Code.   P. 344.

In removal proceedings doubts as to whether the indictment states an offense should be left to the court in which it was found. P. 345.

49 App. D. C. 38, affirmed.

THE case is stated in the opinion.

*Mr. William B. Jaynes* for appellant.

*The Solicitor General* for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Stallings was indicted in the District Court of the United States for the District of Wyoming for embezzling monies entrusted to him as United States Commissioner. Being in the District of Columbia, he was arrested there by Splain, marshal for the District, and was detained to await the institution of proceedings for his removal. In making the arrest Splain had relied, not upon a warrant issued by a commissioner for the District, but upon a bench warrant issued to the marshal for the District of Wyoming on the indictment. Stallings filed immediately in the Supreme Court of the District of Columbia a petition for writ of *habeas corpus*, contending, for this reason apparently, that the arrest and detention were illegal. The writ issued; Splain produced the body; the hearing on the writ was postponed; and Stallings was admitted to bail.

While he was at large on bail, awaiting a hearing in the *habeas corpus* proceedings, an affidavit of complaint was filed before a United States Commissioner for the District, setting forth the same offences charged in the indictment. A warrant issued thereon, but Stallings was not arrested. He appeared voluntarily before the Commissioner; admitted his identity and that he held the office named at the times the offences were charged to have been committed; declined to offer any evidence; and moved that he be discharged. The Commissioner denied the motion. Then, certified copies of the indictment and other papers having been introduced, he found probable cause. No order was made that Stallings be held to await an application for his removal. He requested that he be admitted to bail for his appearance in Wyoming to answer the charges

against him. The bail was fixed at $2,000 and was furnished.

After this, Splain filed a return to the petition for writ of *habeas corpus* setting up the above facts and Stallings demurred. He also secured, in aid of the *habeas corpus* proceeding, a writ of certiorari by which all proceedings before the United States Commissioner were certified to the Supreme Court of the District. The case was then heard both upon the demurrer to the petition for writ of *habeas corpus* and upon the return to the writ of certiorari. The demurrer was overruled; and, Stallings electing to stand thereon, the court dismissed the petition for a writ of *habeas corpus* and discharged the writ issued thereon. The petition for a writ of certiorari and the writ issued thereon were also dismissed and the proceedings were remanded to the Commissioner for further action. Stallings appealed to the Court of Appeals of the District which affirmed the final order below. 49 App. D. C. 38. It is contended here that Stallings should be discharged; (a) because the original arrest and detention on the bench warrant were illegal and the later proceedings before the Commissioner were without jurisdiction since he could not legally be re-arrested for the same offence until the *habeas corpus* proceeding had been disposed of; (b) because the affidavit and the indictment fail to charge a crime against the United States.

*First.* The original arrest and detention were lawful. A person duly charged with a felony in one State, may, if he flees to another, be arrested, without a warrant, by a peace officer in the State in which he is found and be detained for the reasonable time necessary to enable a requisition to be made. *Burton* v. *New York Central & Hudson River R. R. Co.*, 245 U. S. 315, 318. See *Kurtz* v. *Moffitt*, 115 U. S. 487, 504. The rule is not less liberal where the fugitive stands charged by an indictment found in one federal district and flees to another. See

2 Moore on Extradition, § 540. · If the bench warrant issued in Wyoming was not effective as a warrant within the District of Columbia, the possession of it did not render illegal an arrest which could lawfully have been made without it. It would, at least, serve as evidence that Splain had reasonable cause to believe that a felony had been committed by Stallings. *Commonwealth* v. *Phelps,* 209 Massachusetts, 396, 404.

*Second.* The pendency of the *habeas corpus* proceeding did not deprive the Commissioner of jurisdiction to entertain the application for arrest on the affidavit of complaint. When Splain, in obedience to the writ, brought Stallings before the court, he passed from the custody of the marshal into that of the court and he remained under its protection and control although enlarged on bail. *Barth* v. *Clise,* 12 Wall. 400. But he did not thereby become immune from all other process until the *habeas corpus* proceedings should have been finally disposed of. *Commonwealth* v. *Hall,* 9 Gray, 262. Lack of jurisdiction in the Commissioner did not follow from the fact that the court had acquired, by virtue of the *habeas corpus* proceedings, the custody of and control over Stallings. Even if the affidavit of complaint had related to another indictment brought in a different district, the Commissioner would have had jurisdiction to entertain it. The question would merely have been whether a second arrest could properly be made where it conflicted with the first. *Peckham* v. *Henkel,* 216 U. S. 483; *In re Beavers,* 125 Fed. Rep. 988; 131 Fed. Rep. 366. Here there could be no conflict; for the second arrest, if it had been made, would have been merely for the purpose of carrying out the first. The Government was not precluded from taking such additional proceedings as it might deem necessary or advisable to supplement or perfect those originally instituted. If the original arrest was lawful, the detention would remain legal only for the reasonable time required to enable

appropriate removal proceedings to be instituted. Unless the lawful arrest was promptly followed by such proceedings the prisoner would be entitled to his discharge. *Matter of Fetter,* 23 N. J. L. 311, 321. On the other hand, if the orginal arrest and detention had been illegal, Stallings would not be entitled to his discharge, if before final hearing in the *habeas corpus* proceedings legal cause for detaining him had arisen through the institution of removal proceedings. Where it appears that sufficient ground for detention exists a prisoner will not be discharged for defects in the original arrest or commitment. *Nishimura Ekiu* v. *United States,* 142 U. S. 651; *Iasigi* v. *Van De Carr,* 166 U. S. 391; *Kelly* v. *Griffin,* 241 U. S. 6, 13.

*Third.* The admission to bail by the Commissioner to answer the indictment in the District of Wyoming was upon his own request on advice of counsel. When this bail was given no application had been made to the court for his removal; and there had not even been an order of the Commissioner that he be held to await such application. He ceased, therefore, to be in the position ordinarily occupied by one who is contesting the validity of his detention and who has been released on bail pending the *habeas corpus* proceeding. *Sibray* v. *United States,* 185 Fed. Rep. 401. Stallings' position was thereafter no better than if he had applied for the writ after he had given bail. It is well settled that under such circumstances a petitioner is not entitled to be discharged on *habeas corpus.* *Respublica* v. *Arnold,* 3 Yeates, 263; *Dodge's Case,* 6 Martin, 569; *State* v. *Buyck,* 1 Brev. 460. Being no longer under actual restraint within the District of Columbia, he was not entitled to the writ of *habeas corpus.* *Wales* v. *Whitney,* 114 U. S. 564.

Furthermore, by voluntarily giving bail to appear in Wyoming, the purpose of the removal proceedings had been accomplished, and all questions in controversy in the *habeas corpus* and in the removal proceedings terminated.

Whether his arrest and detention had originally been valid was thereby rendered immaterial. *In re Esselborn*, 8 Fed. Rep. 904. And likewise the question whether there was a right then to remove him. Compare *Cheong Ah Moy* v. *United States*, 113 U. S. 216; *Ex parte Baez*, 177 U. S. 378.

*Fourth.* Stallings' contention that he should be discharged because the indictment failed to charge a crime under the laws of the United States is also unfounded. He was indicted under § 97 of the Penal Code which declares that any officer of the United States who shall embezzle any money which may have come into his possession in the execution of such office or under claim of authority as such officer shall be punished. The indictment charges Stallings with having received as commissioner divers sums of money from persons named to be paid over to the Receiver of the Land Office at Cheyenne and embezzling the same. It is contended that the money could not have been received as commissioner for transmission, because it is not among the statutory duties of a commissioner. But § 2294 of the Revised Statutes, as amended by Act of March 4, 1904, c. 394, 33 Stat. 59, provides that where applicants for the benefit of the homestead and other land laws make the required affidavits before commissioners of the United States the proof so made shall have the same effect as if made before the register and receiver "when transmitted to them with the fees and commissions allowed and required by law." The circular issued by the Land Office in 1905 (33 L. D. 480, 481), containing "Suggestions to United States Commissioners," etc., directs that the proofs so taken be "transmitted to the register and receiver with the necessary fees and commissions." And the circular issued in 1915 (44 L. D. 350, 352) directs that in "no case should the transmittal thereof be left to the claimant."

Duties of an officer may be prescribed by rule. If the validity of the indictment was open to reasonable doubt,

it was to be resolved not by the committing magistrate but, after the removal, by the court which found the indictment. *Beavers* v. *Henkel,* 194 U. S. 73, 83; *Benson* v. *Henkel,* 198 U. S. 1, 10, 11, 12; *Haas* v. *Henkel,* 216 U. S. 462, 481.

*Affirmed.*