**OLSON, U. S. Atty., et al. v. HOFFMAN, Sheriff, et al.**

(District Court, N. D. Illinois, E. D.   July 17, 1924.)

No. 4132.

**1. Courts ⬤➡1—"Jurisdiction" defined.**

"Jurisdiction" is power to hear and determine subject-matter in controversy between parties to suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction (of courts).]

**2. Courts ⬤➡2—That complaint does not state cause of action does not affect jurisdiction.**

That complaint does not state cause of action does not affect jurisdiction, if it states a case belonging to general class over which court has authority.

**3. Courts ⬤➡2—Correctness of decisions does not determine jurisdiction.**

Jurisdiction does not depend on rightfulness of decision, if court has jurisdiction of class of cases to which particular case belongs.

**4. Courts ⬤➡495—Institution in state court of habeas corpus proceedings to release one held without warrant does not make her immune to arrest under federal warrant.**

Institution in state court of habeas corpus proceedings by one held without process by municipal police officers does not make such person immune from arrest under warrant issued by federal court.

**5. Courts ⬤➡495—Federal officers, executing warrant, held not subject to subpoenas requiring their appearance in state court for examination concerning their acts.**

Federal officers, arresting one who had brought habeas corpus proceedings in state court to obtain release from custody of municipal police, and obtaining custody of such person under warrant issued by federal court, are not subject to process of state court, and are without authority to appear or submit themselves to examination in state court as to their acts, without authority from federal court.

In Equity. Suit by Edwin A. Olson, United States Attorney, and others, against Peter M. Hoffman, Sheriff of Cook County, and others. On motion for temporary injunction. Motion sustained.

John Elliott Byrne, Sp. Asst. U. S. Atty., for complainants.

WILKERSON, District Judge. In this case there is an application for a temporary injunction, based upon the bill of complaint and the amendment thereto. No answer has been filed and the right to an injunction must be determined from the pleadings of the plaintiff. The object of the bill is to enjoin the sheriff and coroner of Cook county from serving attachments, which were issued in the criminal court of Cook county for the arrest of the United States marshal and other officers of the Department of Justice and the Post Office Department. Those officers had been served with subpoenas in a habeas corpus proceeding instituted in the state court, and upon the advice of the United States attorney refused to respond to the subpoenas. Attachments for their arrest were thereupon issued by the judge of the criminal court.

On June 20, 1924, one Louise Brown was in custody of certain police officers of the city of Chicago. She had been apprehended and was held at the request of officers of the United States. On that date a warrant for her arrest was procured from the United States commissioner and was delivered to the marshal for service. On the same day a petition for a writ of habeas corpus was filed in her name in the criminal court of Cook county and a writ was issued. It is alleged in the bill that this petition was prepared and filed without the knowledge or authority of the relator, and was in fact a part of a conspiracy to obstruct the execution of the laws of the United States. The details of this alleged conspiracy are set out in the pleadings, and upon this application must be taken as true.

When the marshal went to make service of the warrant, he was informed by the police officers that the petition for a writ of habeas corpus had been filed. The marshal, police officers, and prisoner proceeded to the criminal court of Cook county, where the judge directed the prisoner to be turned over to the sheriff. There were other proceedings which, in my opinion, are not material in disposing of this motion, which resulted in the delivery of the prisoner on June 20, 1924, to the marshal under the warrant which he held for her arrest. On June 25th the judge of the criminal court issued subpoenas in the habeas corpus suit for the plaintiffs herein, directing them to appear as witnesses in that proceeding. This, upon advice of the United States attorney, they refused to do, whereupon the attachments were issued. The United States attorney, however, appeared in the state court and advised that court that the witnesses, in view of the circumstances, could not submit themselves to examination.

The facts as to the issuing of the subpoenas and its part in the alleged conspiracy are stated in the bill and amendment, and I shall not repeat them. Suffice it to say that there is no denial of them in the pleadings, and that they amount to an averment that the subpoenas were issued for the purpose of compelling plaintiffs to testify

concerning their acts in connection with the execution of the process of this court, and as instrumentalities to bring plaintiffs before the state court and subject them to punishment for alleged interference with the habeas corpus proceeding. The question here is not that of enjoining a suit in a state court, nor does it really involve the jurisdiction of the state court in the habeas corpus suit; that is to say, the jurisdiction of that court to make a proper order disposing of the case. The validity of such an order, if it clashed with the proceedings in the federal court, is a different question.

[1-3] Jurisdiction is the power to hear and determine the subject-matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction. Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for, if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches, and the court has power to decide whether the pleading is good or bad. Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be. If the court has jurisdiction of the class of cases to which the particular case belongs, it has jurisdiction to decide whether, so far as the particular case is concerned, the jurisdiction of the court attaches.

[4] The question here is that of the power of the state court to require officers of the United States to be examined relative to the execution of the process of this court issued against Louise Brown, and of the right of those officers to submit to such examination without the permission of this court. The right of the commissioner to issue the warrant for the arrest of Louise Brown and the duty of the marshal to execute it under the circumstances of this case are clear. The institution of the habeas corpus suit and the service of the writ in that suit did not make her immune from the process of the federal court. She was not held under state process. She was held without process, and there had been no arrest with which the arrest under the commissioner's warrant could possibly conflict. This is made clear from the statement of the general rule in Commonwealth v. Hall, 9 Gray, 262, 268, 69 Am. Dec. 285, which is approved and amplified in Stallings v. Splain, 253 U. S. 339, 342, 40 S. Ct. 537, 64 L. Ed. 940.

[5] The federal officers, acting under the valid process of the federal court and engaged in executing the laws of the United States, were answerable for their acts to the federal courts only. This necessarily results from the position occupied by the federal courts with reference to the execution of the federal laws and the constitutional provisions, which make the Constitution of the United States and the laws passed in pursuance thereof the supreme law of the land. Commenting upon the right of a state court to proceed in a habeas corpus suit after the state court had been notified that the prisoner was being held under the authority of federal law, the Supreme Court, in Ableman v. Booth, 62 U. S. 506, 523, 16 L. Ed. 169, said:

"We do not question the authority of state court, or judge, who is authorized by the laws of the state to issue the writ of habeas corpus, to issue it in any case where the party is imprisoned within its territorial limits, provided it does not appear, when the application is made, that the person imprisoned is in custody under the authority of the United States. The court or judge has a right to inquire, in this mode of proceeding, for what cause and by what authority the prisoner is confined within the territorial limits of the state sovereignty. And it is the duty of the marshal, or other person having the custody of the prisoner, to make known to the judge or court, by a proper return, the authority by which he holds him in custody. This right to inquire by process of habeas corpus, and the duty of the officer to make a return, grows, necessarily, out of the complex character of our government, and the existence of two distinct and separate sovereignties within the same territorial space, each of them restricted in its powers, and each within its sphere of action, prescribed by the Constitution of the United States, independent of the other. But, after the return is made, and the state judge or court judicially apprised that the party is in custody under the authority of the United States, they can proceed no further. They then know that the prisoner is within the dominion and jurisdiction of another government, and that neither the writ of habeas corpus, nor any other process issued under state authority, can pass over the line of division between the two sovereignties. He is then within the dominion and

exclusive jurisdiction of the United States. If he has committed an offense against their laws, their tribunals alone can punish him. If he is wrongfully imprisoned, their judicial tribunals can release him and afford him redress. And although, as we have said, it is the duty of the marshal, or other person holding him, to make known, by a proper return, the authority under which he detains him, it is at the same time imperatively his duty to obey the process of the United States, to hold the prisoner in custody under it, and to refuse obedience to the mandate or process of any other government. And consequently it is his duty not to take the prisoner, nor suffer him to be taken, before a state judge or court upon a habeas corpus issued under state authority. No state judge or court, after they are judicially informed that the party is imprisoned under the authority of the United States, has any right to interfere with him, or to require him to be brought before them. And if the authority of a state, in the form of judicial process or otherwise, should attempt to control the marshal or other authorized officer or agent of the United States, in any respect, in the custody of his prisoner, it would be his duty to resist it, and to call to his aid any force that might be necessary to maintain the authority of law against illegal interference. No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence."

Nor may the state court accomplish by indirection what it is forbidden to do directly. It may not use the process of summoning witnesses as a device to bring the federal officers physically before the state court for the purpose of employing coercive methods to undo their acts as officers of the United States or to inflict punishment upon them for those acts. It may be that in the habeas corpus suit there remains a question with reference to which it is proper for the state court to take action. Such a situation is conceivable; but, if the testimony of the federal officers is desired in such a proceeding, the method to be employed in obtaining that testimony is clear.

Federal officers have no right to submit themselves to the jurisdiction of the state court for such an examination touching their official acts, without authority from the federal court under whose orders they have acted and are acting. If the testimony of the federal officers with reference to their acts pursuant to the process of this court is desired, the federal court, upon proper showing, will make an order defining the scope of the examination, which is permissible. The federal officers will then submit themselves to the jurisdiction of the state court, with the protection of the order of the federal court whose mandates they have obeyed.

The general principles which are applicable are analogous to those stated in the opinion of Attorney General Moody, 25 Opinions of Attorneys General, 326. Any other course would result in confusion, and in an impossible situation, in view of the supremacy of the federal government and its agents within the field in which they are required to act. Under the rule announced in Re Debs, 158 U. S. 564, 584, 15 S. Ct. 900, 39 L. Ed. 1092, I am satisfied that the plaintiffs, under the allegations of the bill, are entitled to equitable relief.

The motion for a temporary injunction is sustained.