## KUSH v. DAVIS, Secretary of Labor, et al.

(Circuit Court of Appeals, Seventh Circuit. December 10, 1924.)

No. 3458.

1. **Aliens** ⊛⟲54 — Evidence held sufficient to warrant alien's deportation for circulating literature prohibited by statute.

Evidence of alien's knowledge of contents of literature *held* sufficient to warrant his deportation for circulating literature prohibited by statute.

2. **Aliens** ⊛⟲54—Defects in deportation warrant held not to require alien's discharge where sufficient grounds for detention shown.

Defects in deportation warrant, resulting from use of blank forms to fit many conditions and failure to make changes so that blank would fit case involved, *held* not to require alien's discharge, where sufficient grounds for his detention were shown.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Habeas corpus by Blais F. Kush against James J. Davis, Secretary of Labor, and others. From an order dismissing the writ, petitioner appeals. Affirmed.

David J. Bentall, of Chicago, Ill., for appellant.

James A. O'Callaghan, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This appeal is to reverse an order of the District Court, dismissing a writ of habeas corpus, brought to test the sufficiency of a warrant for the deportation of appellant.

It is admitted that appellant is an alien, and that the literature found in his possession was of a kind prohibited by the statute.

It is urged for reversal that the prohibited literature was obtained by the entry into appellant's house of a government agent without a search warrant, and that therefore its taking and use were illegal; that there is nothing to show that appellant knew the contents of the literature; and that the deportation warrant is invalid because, in the body of the warrant, instead of stating one specific thing, all of the matters specified in the act are alleged disjunctively, that is, the warrant says "that he writes, publishes, or causes to be written or published, or knowingly circulates, etc."

[1] The uncontradicted testimony of the government agent is that when he went to the alien's house the door was open, that he saw a lot of literature upon the table and entered, and that he asked and was granted permission to look at the literature. There is no evidence of any protest either against the entry or the taking of the literature. No demand was ever made for its return, and no objection was made to its introduction or use in evidence. The alien had been in this country nine years, and that he understood what he was doing is quite evident. He had the literature for the purpose of distribution, for which he was compensated, and he had already distributed considerable of such literature. He had bought and paid for, and had in his possession, organization stamps and stamps for dues in the Communistic party. In his room there were numerous books. On cross-examination by alien's attorney, the government's agent was asked: "Was there anything about most of the other books that you would consider illegal? A. Well, he was pretty well posted himself. He told me 'those books are legal and those books illegal.' He knew the difference between the books himself." There was abundant evidence to justify the deportation.

[2] It appears from the record that in such a proceeding blank forms to fit many conditions are used, and that there was no effort to make the changes that would cause the blanks to fit the case in hand. The Supreme Court has said in Bilokumsky v. Tod, 263 U. S. 149, 158, 44 S. Ct. 54, 57, 68 L. Ed. 221:

"If sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment"—citing Nishimura Ekiu v. U. S., 142 U. S. 651, 662, 12 S. Ct. 336, 35 L. Ed. 1146; Iasigi v. Van de Carr, 166 U. S. 391, 17 S. Ct. 595, 41 L. Ed. 1045; Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940.

See, also, Antolish v. Paul, 283 F. (7th C. C. A.) 957.

The order of dismissal is affirmed.