## UNITED STATES ex rel. PETERSEN et al. v. COMMISSIONER OF IMMIGRATION.

District Court, S. D. New York.

Nov. 11, 1932.

Irving Schwab, of New York City, for relators.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig, of New York City, of counsel), for respondent.

WOOLSEY, District Judge.

This writ is dismissed.

I. The facts involved here are that the alien relators in question were living as squatters with other unemployed in the Red Hook section of Brooklyn, N. Y.

Owing to complaints in the neighborhood as to the activities of this whole group, on September 19, 1932, the police department, acting in conjunction with the Immigration Service, took certain members of the group into custody for examination. The first examination was conducted at the Hamilton avenue police station in Brooklyn. The five alien relators involved in this writ were found to have been illegally in this country, and were given over to the custody of the Commissioner of Immigration.

Up to this time no warrant of arrest had been issued by the Labor Department, but, immediately after the relators were turned over to the custody of the Commissioner of Immigration, a request was made by him for warrants of arrest to issue against them, and they were arrested under such warrants on September 20, 1932, and are now in custody thereunder.

On September 23 and 27, 1932, hearings were afforded to the relators, and the records in each case have been submitted to the court as part of the respondent's return.

II. As I understand it, it is not disputed by counsel for the relators that they would be subject to deportation, but it is argued that their original arrest without a warrant renders all subsequent proceedings voidable. I do not agree.

III. A writ of habeas corpus tests the legality of the custody which exists at the time of the hearing on the writ.

Even if it be assumed that the arrest of the relators was not lawful so far as the Department of Labor was concerned, because it was not regularized by a sworn warrant, such a warrant has now been duly issued, and the relators are in custody thereunder. This court cannot, therefore, properly be asked to do the futile act of granting

this writ on the ground that the first arrest was illegal, to be followed by an instant of freedom and a rearrest, when the relators are now legally held. Cf. Mahler v. Eby, 264 U. S. 32, 42, 44 S. Ct. 283, 68 L. Ed. 549; Bilokumsky v. Tod, 263 U. S. 149, 158, 44 S. Ct. 54, 68 L. Ed. 221; Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940; Kelly v. Griffin, 241 U. S. 6, 13, 36 S. Ct. 487, 60 L. Ed. 861; Nishimura Ekiu v. United States, 142 U. S. 651, 662, 12 S. Ct. 336, 35 L. Ed. 1146; Charlie Wong v. Esola, 6 F.(2d) 828, 829 (C. C. A. 9); Kush v. Davis, 3 F.(2d) 273, 274 (C. C. A. 7).

■ IV. The case of Charley Hee v. United States, 19 F.(2d) 335 (C. C. A. 1), in which Judge Anderson dissented and which was later reversed, 276 U. S. 638, 48 S. Ct. 300, 72 L. Ed. 745, on consent of the United States, is not pertinent here, first, because such a consent reversal, which might have been predicated on many considerations, does not establish Judge Anderson's dissent as the law of that case, and, second, because the question involved in that case was the use of evidence secured during the period when the relator was unlawfully in custody, and that question is not here involved.

Here the question is whether the original custody under an arrest without warrant infects the present custody, now made legal by an arrest under a warrant, so as to lay a foundation for the issuance of a writ of habeas corpus on behalf of the relators. The answer to this, as above indicated, is in the negative.

■ V. Such being the situation as to the time when the legality of the custody of the relators must be tested, we must now look at the present procedural situation. That situation is that hearings have been held, that the reports thereon to Washington have been delayed by the issuance of this writ, and that, consequently, the administrative remedies have not been exhausted.

It follows, under general rule 19 (b) of this court, that the writ was improvidently and prematurely granted. I had occasion to deal not long ago with this precise point in United States ex rel. Loucas v. Commissioner of Immigration (D. C.) 49 F.(2d) 473.

Futhermore, on general principles courts should not interfere with the executive in regard to any matter until the executive has made its final decision in such matter, and then only if that decision trans-

cends the scope of executive power by reason of illegality implicit in its nature or in the method of its exercise, Cf. Mara v. United States (D. C.) 54 F.(2d) 397, 399.

Settle order on notice.