**UNITED STATES ex rel. WALMER et al. v.
TITTEMORE, Marshal, et al.**

No. 4847.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1932.

Rehearing Denied Dec. 20, 1932.

Kenneth C. Charlton, of Birmingham, Ala., and Harry I. Weisbrod, of Chicago, Ill., for appellants.

Levi Bancroft, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., Stanley M. Ryan, U. S. Atty., and Lyman T. Powell, Jr., Asst. U. S. Atty., both of Madison, Wis., for appellees.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

An indictment was returned by a grand jury against Ted Doe and Shorty Roe and numerous other individuals in the Western District of Wisconsin. Petitioners were arrested in the Eastern District of Wisconsin and unsuccessfully contested, before a commissioner, removal to the Western District. Evidence was received by the court commissioner identifying petitioners as the parties named in the indictment, Ted Doe and Shorty Roe. Immediately after the order of removal was entered, appellants filed their several recognizances in accordance with said order, which provided that they thereupon be discharged from custody. Thereafter they sought a writ of habeas corpus from the District Court of the Eastern District of Wisconsin. Their petition was denied, and they appealed.

Two questions are here involved. An unfavorable answer to either is fatal to the successful prosecution of the appeal.

■ *First.* May A, arrested in one district upon a warrant there issued upon an indictment returned in another district, and whose identity, notwithstanding he is called B in the indictment, is established by a government witness before the court commissioner before whom removal proceedings are pending, review, by habeas corpus action brought in the district court where the arrest is made, the issue of identity of the party named in the indictment?

■ *Second.* May one who has been arrested pursuant to a criminal warrant issued upon the return of an indictment by a federal grand jury, and who has been released on his giving bond for his appearance in the court wherein the indictment was returned, after unsuccessfully contesting removal proceedings from one federal district to another, obtain his release through a writ of habeas corpus?

Our answer to both questions must be in the negative.

The first question is thus answered on the authority of Horner v. United States, 143 U. S. 207, 12 S. Ct. 407, 36 L. Ed. 126; Cyclopedia of Federal Procedure, volume 5, § 1895; and Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875. The legal question, which appellants seek to raise, can be presented only by special plea in the court wherein the indictment was returned. This special plea, however, should be heard, not separately, but at the same time the case is heard on its merits. United States v. Murdock, 284 U. S. 141, 52 S. Ct. 63, 76 L. Ed. 210.

The second question is similarly answered on the authority of Stallings v. Splain, 253 U. S. 339, 40 S. Ct. 537, 64 L. Ed. 940, and

Cyclopedia of Federal Procedure, volume 5, § 1890. Before one can successfully seek a writ of habeas corpus, he must be actually restrained.

The judgment is affirmed.