John J. **MEZZATESTA** and James J. Williams, Petitioners,

v.

**STATE OF DELAWARE**, Respondent.

Misc. No. 18.

United States District Court
D. Delaware,
at Wilmington.

Nov. 16, 1961.

John Merwin Bader (Bader & Biggs), Wilmington, Del., for petitioners.

E. Norman Veasey, Deputy Atty. Gen., Delaware, for respondent.

LEAHY, District Judge.

John J. Mezzatesta and James J. Williams were convicted of violating the Delaware lottery laws. They are now under bail to appear for re-sentencing in the Superior Court following the affirmance of their convictions by the Delaware Supreme Court.[1] No application has been made by them for a writ of certiorari to issue from the United States Supreme Court. Both seek a writ of habas corpus to issue from this Court, their present restraint assertedly being in violation of the 14th Amendment to the Constitution and "other pertinent Federal and State constitutional guarantees of individual liberty."

The constitutional questions raised by petitioners go the sufficiency of the affidavits submitted by police officers to obtain a search warrant in the Delaware State criminal action, the admission of evidence against both defendants of an alleged admission made by one of them to police officers, and the charge made to the jury by the trial judge with respect to the alleged admission. All the issues presented in the present petition were considered in the opinion of the Delaware Supreme Court. 166 A.2d 433.

Whatever merits the specific contentions of the petitioners may have, compelling doctrine bars this Court from considering the alleged constitutional violations on their merits.

1. For a writ of habeas corpus to issue from this Court, petitioners must first be "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3). Mezzatesta and Williams are on bail. As such they are free to move about within the State of Delaware as they like.

Whether such restraints as result from being on bail would have constituted a form of constructive custody, before the recent Supreme Court decision of Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, was doubtful.[2] But, Parker, supra, adopted an extremely constricted view of "custody" in holding that a prisoner's petition for habeas corpus became moot when his sentence expired, and restored the authority of Weber v. Squier, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209, which held that a parole rendered a habeas corpus petition moot.[3] As a person on parole is in far greater control by the State than one on bail, it follows another facet of the rule is that an application for a writ of habeas corpus is premature when a person is on bail and awaiting imposition of sentence.

2. Moreover, for a writ of habeas corpus to issue from this Court, petitioners must first have exhausted available state remedies. Mezzatesta and Williams have made no application for a writ of certiorari to issue from the United States Supreme Court. Ordinarily, however, "an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in * * * [the Supreme] Court by appeal or writ of certiorari, have been exhausted." Ex Parte Hawk, 321 U.S. 114, at 116, 64 S.Ct. 448, at 449, 88 L.Ed. 572. This doctrine was accepted by Congress in drafting 28 U.S.C. § 2254 with respect to the exhaustion of available state remedies, Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and has frequently been re-affirmed by the Supreme Court in recent years. Brown v.

1. Mezzatesta v. State, Del.Sup.Ct., 166 A. 2d 433.

2. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940; Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; Rowland v. State of Arkansas, 8 Cir., 179 F.2d 709, cert. den. 339 U.S. 952, 70 S. Ct. 841, 94 L.Ed. 1365, reh. den. 339 U.S. 991, 70 S.Ct. 1022, 94 L.Ed. 1392; Walmer v. Tittemore, 7 Cir., 61 F.2d 909,

apparently overruling MacKenzie v. Barrett, 7 Cir., 141 F. 964; Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779.

See, 77 A.L.R.2d 1307. I: "Right of One at Large on Bail to a Writ of Habeas Corpus." Also, 14 A.L.R. 344.

3. See, Jones v. Cunningham, 4 Cir., 294 F. 2d 608, for the best and most recent discussion of all the related cases on the question.

Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900. It has been applied in this district,[4] In re Kominski, D.C.Del., 168 F.Supp. 836, and in other recent cases, U. S. ex rel, Connelly v. Cormier, 5 Cir., 279 F.2d 37; Savage v. Rains, 10 Cir., 271 F.2d 751; Geagan v. Gavin, D.C.Mass., 181 F.Supp. 466.

 Exceptions to the rule have been noted, but they are limited to situations "of peculiar urgency, such as absence of available state corrective procedure or the existence of circumstances rendering such procedure ineffective to protect the rights of the defendant." Hollman v. Manning, 4 Cir., 262 F.2d 656, at 658, 659. In the present case no such situation is urged by the petitioners. Counsel in oral argument stated that the long standing rule of the Supreme Court as laid down in Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, deterred him from applying for the writ of certiorari as to issues related to the admission of evidence allegedly illegally seized in connection with the State criminal action. But this is no cogent reason for the present Court to allow petitioners to circumvent the rule with respect to application for certiorari. In passing, it may be observed that the Supreme Court has been known to reverse previously held positions of long standing [see, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081]. In any event, the rule in these cases cannot be waived whenever counsel, however reasonably, believes the Supreme Court unlikely to grant the writ.

As either of the two infirmities in the petition is decisive of the matter presented, it is unnecessary to discuss other points raised by the parties, viz.: appropriate remedy under CR 35 of the Delaware Superior Court Criminal Rules, Del.

C.Ann.;[5] habeas corpus under state law;[6] and CR 35;[7] impropriety of naming the State of Delaware as the only respondent;[8] and invalidity of joint applications for a writ of habeas corpus.[9]

The petition for the writ will be denied and the rule dissolved.

---

4. See, Goins v. Smith, D.C.Del., 66 F.Supp. 592, for an early announcement on the requirement of exhaustion of state remedies.

5. Skinner v. Rhodes, D.C.Del., 162 F.Supp. 785.

6. 10 Del.Code, Ch. 69.

7. Golla v. Rhodes, D.C.Del., 162 F.Supp. 519.

8. Jones v. Biddle, 8 Cir., 131 F.2d 583; Chessman v. Teets, 9 Cir., 239 F.2d 205.

9. U. S. ex rel. Bowe et al. v. Sheen, D.C. W.Va., 107 F.Supp. 879; In re Kosopud, N.D.Ohio, 272 F. 330.