Paul E. RHODES, Appellant,

v.

John GREENHOLTZ and Maurice Sigler, Appellees.

No. 17144.

United States Court of Appeals
Eighth Circuit.

Sept. 24, 1962.

Clarence A. H. Meyer, Atty. Gen. of Nebraska, and Robert A. Nelson, Sp. Asst. Atty. Gen. of Nebraska, Lincoln, Neb., filed motion to dismiss appeal.

Paul E. Rhodes, Howe, Neb., filed resistance to motion.

Before SANBORN and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

Paul E. Rhodes, on June 11, 1962, while a prisoner in the Nebraska State Penitentiary, filed in the United States District Court for the District of Nebraska an application for a writ of habeas corpus challenging the legality of his detention. On June 27, 1962, the court denied his application. Rhodes appealed from the denial on July 24, 1962, and moved for leave to prosecute his appeal in forma pauperis. He was released from the Penitentiary on July 29, 1962. The district court, on August 13, 1962, concluded that the issues raised in the application for habeas corpus had become moot but granted Rhodes leave to prosecute his appeal as a poor person in the event that this Court should conclude that the issues raised by his application for a writ were not moot.

The appellees, on September 1, 1962, filed in this Court a motion to dismiss the appeal on the ground of mootness due to the release of Rhodes from the State

Penitentiary. He has filed a resistance to the motion, claiming in effect that he is entitled to a review of the questions raised as to the legality of his detention, notwithstanding his release from imprisonment.

■ ■ The only judicial relief available in a habeas corpus proceeding is the discharge of the prisoner or his admission to bail. McNally v. Hill, 293 U.S. 131, 136, 55 S.Ct. 24, 79 L.Ed. 238. In that case it was said on p. 138, 55 S.Ct. on p. 27, "Without restraint of liberty, the writ will not issue. Wales v. Whitney, 114 U.S. 564, [5 S.Ct. 1050, 29 L.Ed. 277]; Stallings v. Splain, 253 U.S. 339, 343 [40 S.Ct. 537, 64 L.Ed. 940]." Since Rhodes is no longer a prisoner and no longer restrained of his liberty, his appeal is obviously moot. It is dismissed.