### Ernest L. ALLEN, Defendant, Appellant,

v.

### UNITED STATES of America, Appellee.

### No. 6502.

United States Court of Appeals First Circuit.

Heard June 15, 1965.

Decided Aug. 13, 1965.

F. Lee Bailey, Boston, Mass., for appellant.

Paul L. Normandin, Asst. U. S. Atty., with whom Louis W. Janelle, U. S. Atty., and John D. McCarthy, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, LUMBARD*, Chief Judge, and LEWIS*, Circuit Judge.

ALDRICH, Chief Judge.

This case involves a narrow question. It is whether a criminal defendant while at large on bail pending commencement of service of a federal sentence can proceed under 28 U.S.C. § 2255, or whether he must first surrender to the custody of the marshal. More exactly, it is whether he meets the statutory, and hence jurisdictional, requirement of being "in custody under sentence." The district court held that he does not, and dismissed the petition.[1]

The facts are these. Defendant, having been found guilty by a jury and sentenced to a jail term, was admitted to bail pending review. Review was unsuccessful. Allen v. United States, 1 Cir., 1964, 333 F.2d 679, cert. den. 379 U.S. 841, 85 S.Ct. 79, 13 L.Ed.2d 47. He promptly filed a petition under section 2255 which

---

* Sitting by designation.

1. It is not entirely clear whether the court also passed upon the merits of the petition. Since we agree that it lacked jurisdiction, no issue of substance is open.

for present purposes we assume asserted errors of such magnitude that they survived his failure to raise them on appeal. The court requested a voluntary surrender, but did not order a surrender, and has expressly permitted defendant to continue at large pending the resolution of the appeal.[2] Defendant, relying principally on Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, asserts that "custody" includes the relatively minor restrictions imposed by the conditions of bail. The Court there held that a petition for habeas corpus was not rendered moot when petitioner had been released on parole. Jones v. Cunningham, and the cases cited therein, teach that "custody," for the purposes of habeas corpus, can include something less than total confinement. In view of section 2255's similarity in purpose to the federal writ of habeas corpus, see Hill v. United States, 1962, 368 U.S. 424, 427–428, 82 S.Ct. 468, 7 L.Ed.2d 417, we may assume that the requisite custody is not different for the two post-conviction remedies. However, Jones does not determine the decision in this case. The parole board regulated in detail petitioner's economic, social, and moral life. Petitioner was subject to recommitment for any violation. Essentially the only restriction imposed upon a defendant on bail is to be subject to the court's call upon reasonable notice, and his bail is unlikely to be revoked except for conduct inconsistent with that duty. In view of those differences, Jones warrants neither overruling these cases which hold that habeas corpus is not available to one enlarged on bail, e. g., Stallings v. Splain, 1920, 253 U.S. 339, 40 S.Ct. 537, 64 L. Ed. 940, nor tenuously construing "custody" virtually to read the word out of the statute.

The judgment of the District Court dismissing the petition for want of jurisdiction is affirmed.

LUMBARD, Chief Judge, (concurring).

I wish merely to add that in my view it was an abuse of the district judge's discretion to admit the appellant to bail under all the circumstances of this case. This court had recently affirmed the conviction and certiorari was denied by the Supreme Court. The matters which the appellant raised in his petition were frivolous and patently insubstantial, and, if they required any action by the district court, that action could and should have been taken by the district court after the appellant had surrendered and was in custody.

---

2. Neither party questions the court's power to do this, although it would seem directly related to matters on which disagreement is expressed.