**UNITED STATES of America ex rel. Harvey TAYLOR**

**v.**

**John B. MAGUIRE, Warden.**

**Civ. A. No. 70–1862.**

United States District Court, E. D. Pennsylvania.

June 30, 1971.

Harvey Taylor, in pro. per.

Arlen Specter, Dist. Atty. of Philadelphia County, T. Michael Mather, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

BODY, District Judge.

Before the Court is the request of Harvey Taylor for a writ of habeas corpus.

Relator was indicted in Philadelphia County on a charge of aggravated robbery (No. 594 February Sessions 1966). After trial on March 17, 1966, he was convicted of the charge and sentenced to a term of one to two years imprisonment. Relator filed a petition under the Pennsylvania Post-Conviction Hearing Act [PCHA], 19 Pa.Stat.Ann. § 1180–1 et seq. (Supp.1971), and on October 27, 1967 was granted a new trial by Judge Theodore Reimel. He was released on April 3, 1968 on $1,500 new bail pending a new trial. Relator has not yet been retried, but the District Attorney's answer assures us that relator is to be re-arraigned shortly.

Relator was later indicted on charges of resisting arrest, four instances of burglary of an automobile, assault and battery, aggravated robbery, playfully and wantonly pointing a firearm, carrying a concealed deadly weapon and felonious possession of narcotic drugs (Nos. 1520–1529 February Sessions 1969). At his preliminary arraignment on March 10, 1969, relator received legal representation from the Voluntary Defender's Office. Relator filed a motion to suppress and requested time for psychiatric examinations. In October 1970, relator requested that he be allowed to conduct his own defense. Relator was finally tried on Bills Nos. 1520–1529 on January 15, 1971, but sentence has been deferred pending argument on post-trial motions.

In his present petition relator alleges with respect to both No. 594 and Nos. 1520–1529 that he has been denied his right to a speedy trial by the inordinate delay in the state courts. On No. 594, relator also alleges that he cannot be tried because he has already served twenty-eight months on a twenty-four month maximum sentence and the prohibition against double jeopardy bars a retrial.

Since, with respect to No. 594, relator has been admitted to bail, we have grave doubts whether relator has satisfied the custody requirement of 28 U.S.C. § 2241.[1] In a case decided some time ago, when the notion of what constituted custody was much more limited than is now the case, the Supreme Court held that one is not "in custody" when out on bail. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920). The Supreme Court has much more recently held, however, that a parolee is "in custody" for purposes of habeas corpus, Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and commentators have suggested that the Court's earlier holding with regard to bail is out of line with the Court's current ideas of what constitutes custody. R. Sokol, Federal Habeas Corpus § 6.1 at 68–69 (2d ed. 1969); see Note, Developments in the Law—Federal Habeas

---

1. 28 U.S.C. § 2241:

   "(c) The writ of habeas corpus shall not extend to a prisoner unless—

   (3) He is in custody in violation of the Constitution or laws or treaties of the United States;"

**1334**

Corpus, 83 Harv.L.Rev. 1073–1079 (1970) [hereinafter referred to as Note, Developments—Habeas].

 Stallings v. Splain is not devoid of vitality, however, for its holding has been reaffirmed in several recent Circuit Court opinions. Allen v. United States, 349 F.2d 362 (1st Cir. 1965); Matysek v. United States, 339 F.2d 389 (9th Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965). Contra, Marden v. Purdy, 409 F.2d 784 (5th Cir. 1969); Burris v. Ryan, 397 F.2d 553 (7th Cir. 1968). The most recent decisions in this Circuit concerning this subject matter tend to uphold the teaching of the *Stallings* decision. McLeod v. Peterson, 283 F.2d 180 (3d Cir. 1960); United States ex rel. Potts v. Rabb, 141 F.2d 45 (3d Cir.), cert. denied, 322 U.S. 727, 64 S.Ct. 943, 88 L.Ed. 1563 (1944). We hence conclude that one who has been released on bail, without more, is not in custody for purposes of federal habeas corpus.[2]

 It is worth noting, with respect to No. 594, that were we to have decided that we did have jurisdiction, relator would still have to meet the exhaustion requirement, United States ex rel. Hill v. Hendricks, 321 F.Supp. 300 (E.D.Pa. 1970), which he has not done. Though our relator could not bring his claims of denial of a speedy trial and of double jeopardy under the PCHA, since he does not stand convicted of a crime, 19 Pa. Stat.Ann. § 1180–3(a) (Supp.1971); United States ex rel. Kirk v. Kirkpatrick, 330 F.Supp. 821, at 822 n. 3 (E. D.Pa.1971), he could present his claim in state habeas corpus proceedings, 12 Pa.Stat.Ann. § 1901–07, United States ex rel. Murray v. Commonwealth, Civil Action No. 71–846 (E.D.Pa. May 28, 1971).

With respect to Nos. 1520–1529, there would appear no longer to be a controversy concerning the denial of a right to speedy trial since he was tried on these charges in January 1971. In any event, however, relator has made no effort to exhaust his available state remedies, which are also under state habeas corpus, 12 Pa.Stat.Ann. § 1901–07, since relator yet remains unsentenced. United States ex rel. Murray v. Commonwealth, supra.

Accordingly, we must deny relator's request for the writ.

---

2. There is no indication that our relator was out on bail subject to any restrictive conditions except that he appear for his trial. Hence it is unnecessary for us to reach the question of whether one on bail subject to restrictive conditions should be deemed "in custody". See United States ex rel. Pitts v. Rundle, 325 F.Supp. 480, at 482 n. 4 (E.D.Pa.1971); Note, Developments—Habeas, 1075 n. 26.