**UNITED STATES of America ex rel. Karl MEYER, Petitioner-Appellant,**

v.

**Daniel WEIL, Executive Director, Cook County House of Correction, and Joseph Woods, Sheriff of Cook County, Respondents-Appellees.**

No. 71-1240.

United States Court of Appeals, Seventh Circuit.

March 28, 1972.

Rehearing Denied May 3, 1972.

---

Marshall Patner, Paul Goldstein, Chicago, Ill., for petitioner-appellant.

Edward V. Hanrahan, State's Atty., William K. Hedrick, Chicago, Ill., for respondents-appellees; Robert A. Novelle, Asst. State's Atty., of counsel.

Before KNOCH, Senior Circuit Judge, and STEVENS and SPRECHER, Circuit Judges.

KNOCH, Senior Circuit Judge.

The petitioner-appellant, United States ex rel. Karl Meyer, has appealed denial of petition for Writ of Habeas Corpus. Mr. Meyer is not actually in custody at this time.

He and associates were conducting a "forum" on a number of Friday and Saturday evenings on the public sidewalk in the Old Town area of Chicago, a section of the city which is highly frequented and very busy at such times. Apparently no serious difficulties arose until the night of July 14, 1967.

Beginning at about 8:45 P.M., on Wells Street in the Old Town area, Mr. Meyer, and other speakers, standing on 5-gallon milk can rostrums, addressed a gathering crowd of 150 to 200 persons according to one of the police officers present. Mr. Meyer estimated the crowd at not more than 100 persons. Several of his associates distributed pamphlets. A large sign stood behind the speakers. A shopping cart filled with pamphlets stood nearby. Pedestrians wishing to pass by had to step into the street to do so.

Police Sergeant Raymond O'Malley was present, on duty, observing the forum. About 11:00 P.M. the crowd became progressively louder. Even at the outer edges it was apparent that the speakers were engaged in argument with members of the crowd. Two of the persons who had been distributing leaflets told Sergeant O'Malley that a fight was beginning within the group. He himself saw one fight break out. Several persons tore down the banner behind the speakers, which was replaced by one of Mr. Meyer's supporters who grabbed a stick and was about to engage in a fight when the banner was again torn down and set afire. Sergeant O'Malley also saw burned pamphlets. Another of Mr. Meyer's supporters tried to eject certain persons from the immediate area.

It is appellant's position that at this point, it was the inescapable duty of the police to restore order by dispersing only the hostile elements so that the forum could continue, and that no other option to quell the disorder by dispersing the entire group was open to the police lest a hostile crowd thereby be empowered to veto conduct protected under the Constitution. This theory ignores the practical decisions which a small number of police officers must make quickly when faced with a reasonable apprehension that an unruly crowd situation may rapidly deteriorate into an uncontrollable riot.

Sergeant O'Malley elected to handle the situation by stepping in and ordering the entire group, including the forum operators, to disperse. Mr. Meyer then climbed up on one of the milk can rostrums and refused to leave, although Sergeant O'Malley told him about the fights then occurring within the crowd and Mr. Meyer himself recognized that the situation was tense and that the instructions to disperse came from members of the police department. Nevertheless, he said, "I will not move. You can arrest me if you please."

As he went about instructing others to depart, Officer James Highland, several times, issued the same command to Mr. Meyer. Ultimately Officer Highland placed Mr. Meyer under arrest.

Having waived trial by jury, Mr. Meyer was tried by the Circuit Court of Cook County, Municipal Division, found

guilty and fined $100 on a charge of interfering with a police officer in violation of the Municipal Code of Chicago, § 11–33, which contains no provision for incarceration.

■ The Court ordered that, failing to pay the fine, Mr. Meyer would have to "work" it out in the House of Correction at $5 per day. An indigent, which Mr. Meyer does not claim to be, may not be incarcerated for failure to pay a fine. Tate v. Short, 1971, 401 U.S. 395, 91 S. Ct. 668, 28 L.Ed.2d 130; Williams v. Illinois, 1970, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586. Although he has not paid the fine, Mr. Meyer has been at large at all times since his conviction on a $1000 bond, which required an actual cash deposit of $100.

An appeal to the Illinois Supreme Court was based on the contention that appellant's conduct was constitutionally protected and that he was denied a fair trial in violation of the 14th Amendment. The conviction was affirmed by the Illinois Supreme Court, 1969, City of Chicago v. Meyer, 44 Ill.2d 1, 253 N.E.2d 400, and certiorari denied by the United States Supreme Court, 1970, 397 U.S. 1024, 90 S.Ct. 1262, 25 L.Ed.2d 534, rehearing denied 398 U.S. 915, 90 S.Ct. 1688, 26 L.Ed.2d 80.

Mr. Meyer argues that the ordinance under which he was convicted has already been held unconstitutional in Landry v. Daley, D., N.D., Ill., E.D., 1968, 280 F.Supp. 968, 973. The District Judge in Landry concluded that under the wording of the ordinance, one who inadvertently interfered with a peace officer, whom he did not know was a peace officer, nevertheless had violated the ordinance. Further he thought "interfere" (unlike "resist" or "obstruct") was a vague term which would cover innocent conduct.

The respondents point out that this holding was made in a completely unrelated case prior to any state court interpretation of the ordinance and, in the absence of a determination by the United States Supreme Court, does not bind the state appellate tribunal, as held in United States ex rel. Lawrence v. Woods, 7 Cir., 1970, 432 F.2d 1072, 1075–1076, cert. den. 402 U.S. 983, 91 S. Ct. 1658, 29 L.Ed.2d 148, a view which has been adopted by Illinois in People v. Stansberry, 1971, 47 Ill.2d 541, 544–545, 268 N.E.2d 431, cert. den. 404 U.S. 873, 92 S.Ct. 121, 30 L.Ed.2d 116.

The Illinois Supreme Court, in the case before us, cited its holding in City of Chicago v. Lawrence, 1969, 42 Ill.2d 461, 464, 248 N.E.2d 71, cert. den. 396 U.S. 39, 90 S.Ct. 263, 24 L.Ed.2d 208. In Lawrence, the Court had said that an ordinance must be read in a sensible way without giving general terms like "interference" so literal an application as unduly to restrict constitutionally protected conduct, or giving an ordinance an absurd effect within the mere letter of the law which would be clearly contrary to its spirit. The Illinois Supreme Court felt it unnecessary to labor over the failure to set out in clearer terms a requirement that the offense be committed "knowingly", on the basis of an established rule that it would not entertain an allegedly unconstitutional aspect where the objecting party was in no way aggrieved by that feature. The evidence here would clearly support a finding that Mr. Meyer knew the officers were policemen on duty and that the purpose and the reason for their action was made known to him. He evidently disagreed with the method elected by the police (whose responsibility it was to make that election) to halt what they reasonably saw as a growing violence, and he dramatized his refusal to leave as requested, thus distracting the attention of the police themselves in carrying out their efforts to restore peace and posing an invitation to others either to ignore police requests to disperse peaceably or even to return to the fray.

It is Mr. Meyer's view of the situation that order had been restored by the police by dispersal of the trouble makers and that it was unnecessary to disperse those, including himself, who had lingered in the area to continue the forum. It was, however, the responsibility of the police to make that decision and to

make it reasonably in light of all the circumstances. As the Illinois Supreme Court opinion points out, Officer O'Malley testified that he had witnessed about 500 demonstrations in the preceding two years. His judgment was, therefore, based on experience.

The appellant contends that the police acted prematurely; that factually this case did not fall within the standard cited by the Illinois Supreme Court which held that the police may order cessation of otherwise lawful conduct where all reasonable efforts have been made to maintain order, and there is still an imminent threat of uncontrollable violence or riot. 44 Ill.2d 1, 5, 253 N.E.2d 400. Appellant's theory of the case thus presented an issue of fact for the trier of the facts.

Appellant also contends that the ordinance was unconstitutional on its face and was not cured by what is termed an ex post facto interpretation by the Illinois Supreme Court.

We do not reach any of these issues.

Appellant has spent no time in custody as a result of his conviction. The Writ of Habeas Corpus does not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. Title 28 U.S.C. § 2241(c) (3). Appellant argues that he is subject to serve out his fine at $5 per day absent a showing that he is unable to pay that fine. Tate v. Short, *supra*, 1971, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130.

However, he was at large on bail when he sought habeas corpus. He is still at large. He was not then and is not now in custody. Unlike those on parole, whose lives are subject to many restrictions, appellant is subject only to appearance in court on reasonable notice, Allen v. United States, 1 Cir., 1965, 349 F.2d 362, 363, not unlike one served with a subpoena. See Matysek v. United States, 9 Cir., 1964, 339 F.2d 389, 394, citing this Court's decision in United States ex rel. Walmer v. Tittemore, 1932, 61 F.2d 909, 910. The custody requisite to a petition for Writ of Habeas Corpus is not met by being at large on bail. See United States v. Meyer, 8 Cir., 1969, 417 F.2d 1020, 1022, ftn. 2; Rowland v. State of Arkansas, 8 Cir., 1950, 179 F.2d 709, cert. den. 339 U.S. 952, 70 S.Ct. 841, 94 L.Ed. 1365; United States ex rel. Di Rienzo v. State of New Jersey, 3 Cir., 1970, 423 F.2d 224, concurring opinion 229; Stallings v. Splain, 1920, 253 U.S. 339, 343, 40 S.Ct. 537, 64 L.Ed. 940.

It is highly speculative whether appellant will ever serve time because of this conviction. In Burris v. Ryan, 7 Cir., 1968, 397 F.2d 553, 554, cited by appellant, custody was a foregone conclusion, as the petition for continuation of bail was denied by the District Court. In United States ex rel. Walmer v. Tittemore, *supra*, 7 Cir., 1932, 61 F.2d 909, 910, where the issue was clear, this Court held that giving bond did not satisfy the restraint requisite for a Writ of Habeas Corpus.

The judgment of the District Court is affirmed.

Affirmed.