**George CHOUNG, Petitioner-Appellee,**

**v.**

**John MISTERLY, Sheriff of Sacramento County, Respondent-Appellant.**

No. 71–1335.

United States Court of Appeals, Ninth Circuit.

March 6, 1972.

Rehearing Denied April 6, 1972.

Jack R. Winkler, Deputy Atty. Gen. (argued), Edsel W. Haws, Deputy Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., Sacramento, Cal., for respondent-appellant.

Lawrence Karlton (argued), of Karlton & Blease, Sacramento, Cal., Paul N. Halvonik and Charles Marson, San Francisco, Cal., for petitioner-appellee.

Before TRASK and CHOY, Circuit Judges, and BYRNE, District Judge.*

TRASK, Circuit Judge:

This appeal is from an order of a Federal District Court granting a state prisoner's petition for habeas corpus. The petitioner alleges numerous constitutional defects in the state statute and the court proceeding which resulted in his conviction under California Penal Code § 602.9, for disrupting a school campus. Judgment was rendered sentencing appellee and petitioner to 90 days imprisonment in the county jail and payment of a $600 fine. The appellee was admitted to bail pending appeal of the judgment. Appellee thereafter sought relief through the state court system ending with a denial by the California Supreme Court of his petition for a writ of habeas corpus. He then filed a petition for a writ of habeas corpus in the United States District Court. On November 20, 1969, the district court ordered a stay of execution and admitted appellee to bail. The petitioner's federal application for a writ was filed with two days remaining on his state court stay of execution and admission to bail, and the district court's stay under 28 U.S.C. § 2241(c) (3) was issued "only hours before the expiration of the state stay."

The first question raised by the appellant is whether the district court had jurisdiction to grant a writ to a state prisoner who was on bail when the habeas petition was filed. We think not.

The statute provides that the writ of habeas corpus shall not extend to a prisoner unless—(in this case),

"(3) He is in custody in violation of the Constitution or laws or treaties

---

* Honorable William M. Byrne, Senior United States District Judge, Central District of California, sitting by designation.

of the United States; . . . ." 28 U.S.C. § 2241(c) (3) (1970).

The issue is whether petitioner was "in custody" within the meaning of the statute, for the purpose of jurisdiction. The early cases interpreted the phrase as meaning actual confinement. In Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277 (1885), the petitioner who was a naval officer received a communication from the Secretary of the Navy ordering him to appear before a court martial. The communication concluded with the statement that the officer was under arrest. There was no confinement and no custody. The writ was denied and the Supreme Court affirmed saying:

> "The writ of *habeas corpus* is not a writ of error, though in some cases in which the court issuing it *has* appellate power over the court by whose order the petitioner is held in custody, it may be used with the writ of *certiorari* for that purpose. In such case, however, as the one before us it is not a writ of error. Its purpose is to enable the court to inquire, first, if the petitioner is restrained of his liberty. If he is not, the court can do nothing but discharge the writ. If there is such restraint, the court can then inquire into the cause of it, and if the alleged cause be unlawful it must then discharge the prisoner." 114 U.S. at 571, 5 S.Ct. at 1053.

This case, among others, was relied upon by Mr. Justice Brandeis in Stall-

ings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920) where the petitioner had been arrested but was admitted to bail. The court pointed out that one who applies for a writ after having been admitted to bail is not entitled to be discharged on habeas corpus. *Id.* at 343, 40 S.Ct. 537.

Although there has been some broadening of the "custody" concept in recent cases, none has gone so far as the request made here. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) holds that jursidiction exists to permit a prisoner under consecutive sentences to challenge the second before finishing the first and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) sustains a habeas proceeding commenced while the petitioner was in custody although the habeas proceeding is to be concluded following his unconditional release from prison.[1] We do not find any decision of the Court which has altered the rule of Stallings v. Splain, *supra*. The situation of the petitioner is to be judged as of the time of the filing of the petition. *See* Smith v. Campbell, 450 F.2d 829 (9th Cir. 1971). At that time he was not in custody.

We have followed the same rule in Matysek v. United States, 339 F.2d 389 (9th Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965), and only recently again in Hen-

---

1. Although Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), overrules McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934) and rejects a "doctrinaire approach" to the meaning of "custody," it *does not cite* Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) or Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920), and it does not discuss the rationale of either of those cases. On the contrary, the court in *Peyton* does discuss "the prematurity rule of *McNally*" and comments that "of the prior decisions of this Court cited in *McNally*, only In

re Swan, 150 U.S. 637, 14 S.Ct. 225, 37 L.Ed. 1207 (1893) suggested a rule of prematurity." *Id.* 391 U.S. at 65 n. 18, 88 S.Ct. at 1555. Both Wales v. Whitney, *supra*, and Stallings v. Splain, *supra*, were cited in McNally v. Hill, *supra*, 293 U.S. at 138, 55 S.Ct. 24. It would appear that the Court did not consider *Wales* or *Stallings* as exemplifying a "prematurity" rule. On the contrary, the repeated emphasis of the *Peyton* court is to permit "prisoners" to seek habeas relief at the earliest practicable time. *Id.* 391 U.S. at 64, 88 S.Ct. 1549.

sley v. Municipal Court, 453 F.2d 1252 (9th Cir. 1972).[2]

We do not consider the constitutional issues raised. The order granting the writ is reversed.

---

2. We do not consider Settler v. Yakima Tribal Court, 419 F.2d 486, (9th Cir.), cert. denied, 398 U.S. 903, 90 S.Ct. 1690, 26 L.Ed.2d 61 (1969) as holding to the contrary. Neither does the modification of *Settler* which was based upon the enactment of the Indian Civil Rights Bill in 1968. Settler v. Lameer, 419 F.2d 1311 (9th Cir. 1969). Matysek v. United States, 339 F.2d 389 (9th Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965) was not referred to in either decision.