John J. MEZZATESTA and James J. Williams, Appellants,

v.

Raymond W. ANDERSON, Appellee.

No. 13979.

United States Court of Appeals Third Circuit.

Argued Nov. 6, 1963.

Decided April 15, 1963.

Rehearing Denied May 6, 1963.

John Merwin Bader, of Bader & Biggs, Wilmington, Del., for appellants.

E. Norman Veasey, Deputy Atty. Gen., Wilmington, Del., for appellee.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

AUGELLI, District Judge.

This is an appeal from an order of the United States District Court for the District of Delaware which dismissed a petition for a writ of habeas corpus filed by appellants on the ground that they had not exhausted available state remedies as required by 28 U.S.C.A. § 2254. For the reasons hereinafter stated the case will be remanded to the District Court.

The record shows that appellants were convicted in the Superior Court of Delaware for a violation of the lottery laws of the state. An appeal was taken to the Delaware Supreme Court. That court, by mandate issued on January 31, 1961, affirmed the convictions and sentences of appellants which had been entered on July 15, 1960. Mezzatesta v. State, Del., 166 A.2d 433 (1960).

Following the affirmance of their conviction, and while free on bail awaiting sentence, appellants filed in the United States District Court for the District of Delaware their first petition for a writ of habeas corpus, alleging that they were being illegally restrained of their liberty in violation of the 14th Amendment and "other pertinent Federal and State constitutional guarantees of individual liberty". The appellee moved to dismiss the petition on several grounds, those pertinent to the present problem being: (a) that the petition, on its face, showed appellants were not in custody within the meaning of 28 U.S.C.A. § 2241; and (b) that the petition, on its face, showed appellants had not exhausted all available

state remedies within the meaning of 28 U.S.C.A. § 2254, in that appellants did not appeal or apply for a writ of certiorari to the United States Supreme Court "and/or" avail themselves of all state collateral proceedings, including correction of sentence and habeas corpus within the state judicial system.

The District Court dismissed the petition, noting therein two infirmities: (a) that the appellants were not in custody, but free on bail when the petition for the writ was filed; and (b) that there had been no exhaustion of available state remedies because no application had been made to the United States Supreme Court for a writ of certiorari. The court held that since either ground was dispositive of the matter, it was not necessary to discuss appellants' failure to invoke the collateral post conviction remedies available under state law. An order was thereupon entered dismissing the petition. Mezzatesta v. State of Delaware, D.C., 199 F.Supp. 494 (1961).

On January 19, 1962, the appellants now being in custody, another habeas corpus petition was filed in the federal court. Except for the allegation of "custody" this second petition was the same as the first. The appellee also moved to dismiss this later petition. The sole ground urged was that the court lacked jurisdiction because the petition, on its face, showed that appellants had not exhausted all available state remedies under 28 U.S.C.A. § 2254, in that they did not appeal or apply for a writ of certiorari to the United States Supreme Court "and/or" avail themselves of all state collateral proceedings, including correction of sentence and habeas corpus with-

in the judicial system of the State of Delaware. By order dated January 23, 1962, the motion to dismiss was granted "on the ground that [appellants] have not exhausted all available remedies within the meaning of 28 U.S.C. § 2254". It is from this order that the appeal to this Court was taken.

When this case was decided below, and at the time the appeal was argued, Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), was authority for the proposition that in the usual case an application to the United States Supreme Court for a writ of certiorari was a requisite step in the exhaustion of state remedies within the meaning of 28 U.S. C.A. § 2254. Counsel for appellants, recognizing that this Court might consider itself bound by Darr, sought to be excused from the operation of the rule in that case because of the existence of unusual circumstances.[1] Appellee, of course, relied on Darr and argued it was controlling, that "no exceptional circumstances" existed in the case to justify or excuse appellants' failure to apply to the Supreme Court for a writ of certiorari, and that the admitted failure to do so necessitated a dismissal of the appeal.

Appellee also argued that dismissal of the habeas corpus petition was proper because appellants failed to pursue available collateral state remedies. Appellants' answer was that resort to state post conviction remedies was not necessary in this case because the Delaware Supreme Court, on the same record intended to be submitted to the District Court in the habeas corpus proceedings, had already decided that there had been no deprivation of appellants' claimed fed-

[1]. The argument here centered around Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. That case held that evidence obtained by searches and seizures in violation of the federal constitution is inadmissible in a criminal trial in a state court. Mapp was decided June 19, 1961. This was after the Delaware Supreme Court had affirmed the convictions of appellants and after the expiration of the time within which application could have been made to the United States Supreme Court for a writ of certiorari. Prior to Mapp there was no constitutional prohibition against the use in a state criminal proceeding of evidence obtained by an unreasonable search and seizure. Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949). Their reliance on this case, say appellants, was reasonable justification for failure to make application to the United States Supreme Court for a writ of certiorari in the case at bar.

eral constitutional rights. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Another argument advanced by appellee dealt with the res judicata effect of the order of the District Court dated November 16, 1961, which dismissed the first application made by appellants for a writ of habeas corpus.

After the appeal was argued in this Court and pending our determination thereof, the United States Supreme Court, on March 18, 1963, decided the case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822. That case involved the question of granting federal habeas corpus relief to a state prisoner (Noia) who had failed to pursue the appellate procedure of the state for a review of his conviction, for which reason he was denied state post conviction relief by the New York Court of Appeals. Following this adverse decision, Noia sought and was denied certiorari by the Supreme Court. Application was then made to the United States District Court for a writ of habeas corpus. This was denied and the case ultimately reached the Supreme Court for review and resulted in the decision of March 18, 1963.

Mr. Justice Brennan, who wrote the opinion for the majority in Noia, noted that in that case there had been an application to the United States Supreme Court for a writ of certiorari before habeas corpus relief was sought in the District Court and that "therefore the case does not necessarily draw in question the continued vitality of the holding in Darr v. Burford, supra, that a state prisoner must ordinarily seek certiorari in this Court as a precondition of applying for federal habeas corpus." Justice Brennan then went on to say: "But what we hold today necessarily overrules Darr v. Burford to the extent it may be thought to have barred a state prisoner from federal habeas relief if he had failed timely to seek certiorari in this Court from an adverse state decision. Furthermore, our decision today affects all procedural hurdles to the achievement of swift and imperative justice on habeas corpus, and because the

hurdle erected by Darr v. Burford is unjustifiable under the principles we have expressed, even insofar as it may be deemed merely an aspect of the statutory requirement of present exhaustion, that decision in that respect also is hereby overruled."

In view of the fact that the District Judge did not have the benefit of this latest pronouncement of the Supreme Court on the subject of exhaustion of state remedies in federal habeas corpus proceedings at the time he entered his order of January 23, 1962, we do not believe we should pass upon the questions raised on this appeal without first affording the court below an opportunity to reconsider the matter in the light of the Noia opinion.

Under the circumstances, the case will be remanded to the District Court with directions to vacate the order of January 23, 1962, and to reconsider appellants' petition for a writ of habeas corpus in the light of the Noia case.