THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, JUAN C. SANTIAGO MATOS, JUDGE, Respondent; JOSÉ M. ALVERIO CINTRÓN, Intervener.

No. O-69-206.      Decided December 30, 1969.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for petitioner. *Félix A. Ramos Cabán* for intervener.

PER CURIAM: On December 23, 1968 a State Police Sergeant swore charges against José Manuel Alverio Cintrón for the offense of Statutory Rape. On January 17, 1969 the preliminary hearing was held, and the magistrate determined that there was probable cause to file the information and it was actually filed in the Superior Court, Caguas Part, on January 22, 1969. Defendant is out on bail.

On January 27 of that year, defendant filed a petition for certiorari before the Superior Court, Caguas Part, to review the determination of probable cause. The prosecuting attorney objected on the ground of the doctrine established in the case of *People* v. *Superior Court*, 95 P.R.R. 400 (1967). Defendant filed then a memorandum requesting that the petition be considered as one for habeas corpus.

On June 16, 1969 the court issued an order considering the petition for certiorari as one for habeas corpus and set

a hearing to "state and question the legal basis for the limitation of petitioner's liberty."

We issued an order to show causes why the writ of certiorari requested by the People of Puerto Rico should not be issued and the above-mentioned order reversed.

The limitation of petitioner's liberty, according to what he alleges, relies on the fact that the latter posted a bond to remain on parole while the trial was pending.

The trial court erred upon considering the petition for certiorari as one for habeas corpus and setting a hearing to question the limitation of petitioner's liberty.

■ In this jurisdiction it is a doctrine that the issuance of a writ for habeas corpus depends on the existence of an illegal custody or restraint and a person who has illegally restrained the one in whose behalf the writ is requested. *Díaz* v. *Campos*, 81 P.R.R. 975 (1960).

The United States Supreme Court has enhanced the meaning of the term "custody" to include a convict serving a sentence on parole. *Jones* v. *Cunningham*, 9 L.Ed.2d 285. In the case of *Carafas* v. *LaVallee*, 20 L.Ed.2d 554, cited by intervener herein, the United States Supreme Court held that a petition for habeas corpus filed by a defendant detained and deprived of his liberty was not moot, because of the fact that on the date the Supreme Court was to finally adjudicate the appeal, defendant's sentence had expired. In that decision the Court gives emphasis to the fact that an amendment to the federal habeas corpus statute spoke of "release from custody or other remedy" and that the consideration of his appeal by the Supreme Court was defendant's last opportunity to be free of the consequences of his conviction, among which there were the prohibition to engage in certain businesses, the prohibition to serve as an official of a labor union for a specified time, the prohibition to vote in any election held in New York State, and the prohibition to serve as a juror.

If we are inclined to adopt this doctrine in Puerto Rico, in view of the different language used in our law of habeas corpus, *quaere.*

Only a small minority, in the North American jurisdiction, holds that a bailed prisoner remains in custody. See the annotation in 77 A.L.R.2d 1307.

A good reasoning supporting the illegality of the writ of habeas corpus when defendant is on bail, and with which we agree, was stated by Chief Judge Aldrich in *Allen* v. *United States,* 349 F.2d 362.

For the reasons stated the writ of certiorari will be issued, and the order appealed from will be reversed.

Mr. Chief Justice Negrón Fernández did not participate herein.