**David PLUMMER**

v.

**STATE OF LOUISIANA et al.**

**Misc. No. 1245.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 23, 1967.

---

## OPINION

RUBIN, District Judge.

In this application for a writ of habeas corpus, the petitioner states that he is imprisoned in Orleans Parish Prison, that he was charged with illegal possession of barbiturates, that he has been found not guilty but is nonetheless still being detained, and that he is being kept in jail on charges based solely on an illegal search and seizure, and is being denied the rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. In his application, the petitioner states that he has not filed any petition for habeas corpus in the state courts and it appears that he has sought no relief in any state court. For that reason no evidentiary hearing has been ordered and the application is denied because it shows on its face that the applicant is not entitled to the relief sought.

When Congress enacted the statute of June 25, 1948, 62 Stat. 967, 28 U.S.C.A. § 2254, it expressly provided that an application for a writ of habeas corpus on behalf of a person in custody "pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *." This application is not controlled by that provision, however, because the applicant alleges that he is not held in custody pursuant to the judgment of a State court but is held notwithstanding his acquittal by a State court.

The limitation of 28 U.S.C.A. § 2254 to persons held in custody pursuant to State court judgments was not inadvertent. The statute as originally proposed included the same limitation with respect to all persons held in custody under authority of a state officer. By Senate amendment, the coverage of the statutory prohibition was limited. Senate Report No. 1559 stated the reason for this amendment:

"The first is to eliminate from the prohibition of the section applications in behalf of prisoners in custody under authority of a State officer but whose custody has not been directed by the judgment of a State court. If the section were applied to applications by persons detained solely under authority of a State officer it would unduly hamper Federal courts in the protection of Federal officers prosecuted for acts committed in the course of official duty."

It can therefore be urged that Congress thus expressed its intention that persons held in state custody in some manner other than pursuant to judgment of a state court should not be required to exhaust their state remedies. I do not, however, thus read Congress' intention.

■ It had been held long prior to 1948 that, in the absence of special circumstances requiring immediate action, the federal courts should refrain from interfering with the coordinate jurisdiction of the state courts. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). This doctrine developed as

one of comity between state and federal courts, and was not a jurisdictional limitation. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

 Congress did not enact Section 2254 to change the law. It did so with the intention of codifying the then existing habeas corpus practice. Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed. 2d 900 (1959). It is clear that Congress did not intend to impose a statutory *prohibition against* granting of the writ of habeas corpus to an applicant held in state custody other than pursuant to judgment of a state court prior to his exhausting state remedies. Neither, however, in my opinion, did Congress intend to change the prior jurisprudence under which the federal courts, in their discretion, and as a matter of comity, usually denied the writ if state remedies had not been exhausted. The Senate Report makes clear the reason for this middle course: the statute was not to contain a prohibition against granting the writ that would hamper Federal courts in protecting Federal officers who were being prosecuted by State authorities.

The Court of Appeals for the Fifth Circuit has applied the doctrine requiring exhaustion of state remedies to applications for federal habeas corpus prior to state trial. Brown v. Rayfield, 320 F. 2d 96 (5th Cir. 1963), cert. den. 375 U.S. 902, 84 S.Ct. 191, 11 L.Ed.2d 143; Hillegas v. Sams, 349 F.2d 859 (5th Cir. 1965). As pointed out in Judge Brown's concurring opinion, Section 2254 "has nothing to do with the case," but certainly this case does not present the "extraordinary circumstances" necessary even under his view to justify resort to federal habeas corpus before seeking relief in State courts.

The "considerations of federalism" that prompted the federal courts originally to adopt a rule of comity toward state courts are still valid. See Nash v. United States, 342 F.2d 366 (5th Cir. 1965). While this case does not prompt "incursion by the federal courts on the sanctity of the judgments of another judicial system", (Ibid) it does urge an expedition into state territory before the applicant has himself made the most tentative exploration there. I do not think we should take the trip until he has himself determined whether the area is inhospitable.

The applicant must first seek relief from State authorities. If no other relief is available, he may have recourse to habeas corpus procedure under Louisiana law as set forth in La.R.S. 15:113 et seq. It will be noted that La.R.S. 15:120 provides:

"If the imprisonment or detention be not by virtue of a judicial order, the petition need only allege that the applicant is illegally imprisoned or confined."

 Since the petition shows on its face that no effort has been made to obtain relief in State courts, nothing could be accomplished by a plenary hearing. See Goodwin v. Holman, 361 F.2d 403 (1966). See also Murray v. State of Louisiana, 5 Cir., 347 F.2d 825 (1965). For this case reflects a "deliberate bypassing of state procedures." See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, 869 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). Evident as this is by the applicant's blunt denial that he has made any effort whatever to seek relief from the State, the application is dismissed without a hearing.