**UNITED STATES of America ex rel. Eugene WESTON, Petitioner,**

v.

**Albert NENNA, Warden, House of Detention for Men, Respondent.**

**No. 68 Civ. 3033.**

United States District Court
S. D. New York.

Sept. 25, 1968.

Eugene Weston, pro se.

Frank Hogan, Dist. Atty., New York County, New York City, for respondent; Edward R. Hammock, Asst. Dist. Atty., of counsel.

### OPINION

WEINFELD, District Judge.

The petitioner, awaiting retrial on a murder charge following reversal of his conviction by the New York State Court of Appeals, seeks his release upon a federal writ of habeas corpus. He advances various grounds, some of constitutional dimensions and others, upon their face, without substance.

On the facts presented the remedy petitioner seeks is not open to him. Section 2254 of Title 28 is inapplicable absent a judgment of the State Court. Section 2241 also is inapplicable, since the State Court before which petitioner is to be retried has jurisdiction of the crime charged and he is in lawful custody awaiting trial.[1] In the event of conviction in the trial court and exhaustion of available remedies under New York law, petitioner, upon a claim of violation of his constitutional rights, may seek relief in the federal courts. At this point there is no basis for federal intervention.

The petition is dismissed.

---

1. Petitioner claims that he is unlawfully detained without bail, but it appears that his trial is scheduled for September 30. Under the circumstances, the claim is without merit. Cf. Rehman v. State of California, 85 S.Ct. 8, 13 L.Ed.2d 17 (1964) (Douglas, Cir. J.); Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962) (Douglas, Cir. J.). Moreover, petitioner may seek bail in the State courts through a writ of habeas corpus. N.Y.C.P.L.R. § 7010(b) (McKinney 1963).