UNITED STATES of America ex rel.
Edward HILL

v.

Superintendent HENDRICKS.

Civ. A. No. 70–2077.

United States District Court,
E. D. Pennsylvania.

Dec. 21, 1970.

Edward Hill, pro se.

T. Michael Mather, Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

BODY, District Judge.

Relator Edward Hill petitions this Court for a writ of habeas corpus. He complains of an arrest and search without probable cause and, generally, of an unconstitutional detention. Before the Court are the relator's petition on the proper form of this Court, several hand-written supporting papers and the answer of the District Attorney of Philadelphia County, and of Superintendent Hendricks.

Relator was indicted at January Sessions 1970, (Indictment numbers 359 and 360) on charges of carrying a concealed deadly weapon and murder. By his appointed counsel, relator filed an application to quash the indictment, which he claims was later changed to an

application for writ of habeas corpus. The relator does not state the disposition of this petition; the answer of the district attorney states that there was a hearing on the petition before Common Pleas Judge John Meade on August 10, 1970 and that the petition was dismissed. The relator is presently awaiting trial.

This request for the writ of habeas corpus is different from most such requests for the writ since it has not been filed as an attempt to gain post-conviction relief. Rather relator seeks to challenge the constitutionality of his pretrial detention pursuant to the indictments charging carrying a concealed deadly weapon and murder. The principles of law applicable to this action differ somewhat from the more familiar breed of post-conviction habeas corpus.

■ 28 U.S.C. § 2254 (Supp. V, 1970), which is generally applicable to habeas corpus petitions filed by persons in state custody, is not applicable here since relator is not held in custody "pursuant to the judgment of a State court." United States ex rel. Weston v. Nenna, 290 F.Supp. 42 (S.D.N.Y.1968); Plummer v. State of Louisiana, 262 F.Supp. 1021 (E.D.La.1967); see Hillegas v. Sams, 349 F.2d 859, 861 (5th Cir. 1965) (concurring opinion); United States ex rel. Waldron v. Lennox, 244 F.Supp. 239, 241 n. 4 (E.D.Pa.1965); Amsterdam, Criminal Prosecutions Affecting Federally Guaranteed Civil Rights: Federal Removal & Habeas Corpus Jurisdiction to Abort State Court Trial, 113 U.Pa.L.

Rev. 793, 891 n. 417 (1965) [hereinafter cited as Amsterdam]. Hence, relator here is proceeding under 28 U.S.C. § 2241(c) (3).[1]

■■ Because relator does not proceed under 28 U.S.C. § 2254 (Supp. V, 1970), which contains the requirement that relator must exhaust his state court remedies before coming into federal court, several authorities suggest that relator need not exhaust his state court remedies. Plummer v. State of Louisiana, 262 F.Supp. 1021, 1022 (E.D.La. 1967); United States ex rel. Waldron v. Lennox, 244 F.Supp. 239, 241 n. 4 (E.D. Pa.1965); R. Sokol, Federal Habeas Corpus, § 22 at 161 (2d ed. 1969) [hereinafter cited as Sokol]; Amsterdam, 891 n. 417. This Court does not agree. The very case in which the Supreme Court enunciated the exhaustion doctrine was one in which the relator was held in state custody pending trial. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L. Ed. 868 (1886); see Plummer v. State of Louisiana, 262 F.Supp. 1021 (E.D. La.1967); Sokol, § 22 at 160. Ex parte Royall is still good law. It would be strange indeed were this Court to hold that the enactment of 28 U.S.C. § 2254, which was enacted by Congress to codify existing habeas corpus practice, Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L. Ed.2d 900 (1958), had the effect of eliminating the exhaustion requirement generally in habeas corpus cases where the petition is filed by one in state custody pending trial. See Plummer v. State of Louisiana, 262 F.Supp. 1021 (E.D.La.1967).[2] Since there is no

---

1. 28 U.S.C. § 2241 provides:
   (c) The writ of habeas corpus [shall] not extend to a person unless
   *       *       *       *       *
   (3)· He is in custody in violation of the Constitution or laws or treaties of the United States.

2. There is, of course, no doubt that this Court has jurisdiction to consider relator's claims. The requirement of exhaustion is a matter of comity and need not be followed in extraordinary cases: " * * * it clearly appears, as the settled and proper procedure, that while

circuit courts of the United States have jurisdiction * * * to issue the writ of habeas corpus, yet those courts ought not to exercise that jurisdiction by the discharge of a prisoner unless in cases of peculiar urgency, and that, instead of discharging, they will leave the prisoner to be dealt with by the courts of the state; that, after a final determination of the case by the state court, the federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the federal

showing that relator's case is extraordinary within the meaning of Ex parte Royall[3] and Baker v. Grice,[4] this Court concludes that the requirement of exhaustion is applicable here.

■ Relator has met his exhaustion requirement. He has brought his petition for habeas corpus relief to the state court and it was dismissed. No appeal from the denial of the writ by the state court is possible since the Superior Court has held such a denial to be interlocutory rather than an appealable final judgment. Commonwealth ex rel. Nichols v. Hendrick, 197 Pa.Super. 646, 180 A.2d 88 (1968); see United States ex rel. Waldron v. Lennox, 244 F.Supp. 239 (E.D.Pa.1965). Hence the relator has exhausted all the remedies available to him in the state courts at this time. Fay v. Noia, 372 U.S. 391, 399, 434–435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).[5]

■ Though there has been compliance with the exhaustion requirement, this Court does not feel that the facts alleged here provide a sufficient reason why we should grant the writ. We must remember that

"It is an exceedingly delicate jurisdiction given to the federal courts, by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented."[6]

Clearly the facts presented must be exceptional before this Court should abort a state trial, especially in this case where the relator is charged with two very serious offenses. The reasons for our hesitancy to intervene are fairly straightforward. Relator will have an opportunity at trial to raise objections to his arrest and search. The state trial court is bound by the Constitution of the United States no less than this Court. We are thus reluctant to intervene where relator will have an ample opportunity to raise his claims at his trial.[7]

Professor Amsterdam, in his carefully written article, delineates three areas of

courts, by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented * * * unless * * * [a] case be of such an exceptional nature, we ought not to encourage the interference of the federal court below with the regular course of justice in the state court."
Baker v. Grice, 169 U.S. 284, 290–291, 18 S.Ct. 323, 326, 42 L.Ed. 748 (1897).

3. 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

4. 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748 (1897).

5. The language in Fay v. Noia refers to the exhaustion doctrine under 28 U.S.C. § 2254. This Court has noted that in this case exhaustion is required by ju-

dicial limitations on the application of 28 U.S.C. § 2241(c) (3) and not by the statutory specifications of 28 U.S.C. § 2254. We feel that the language of Fay v. Noia is applicable also to our exhaustion situation, since, after all, 28 U.S.C. § 2254 was meant to codify existing habeas corpus practice concerning exhaustion and may hence be said to impliedly refer to exhaustion under 28 U.S.C. § 2241(c) (3). If we were to hold that in the case of pretrial habeas we must exhaust even clearly futile appeal procedures, but that such is not required in post conviction habeas corpus, we would be creating a distinction without any clear purpose. Our position is supported by United States ex rel. Waldron v. Lennox, 244 F.Supp. 239 (E.D.Pa.1965).

6. Baker v. Grice, 169 U.S. 284, 291, 18 S.Ct. 323, 326, 42 L.Ed. 748 (1897).

7. It can be argued that relator's claims can be presented better at his trial since he must have counsel. There is no requirement of counsel for the presentation of habeas corpus claims.

exceptional facts which have caused federal courts to grant the writ of habeas corpus while relator was awaiting trial in state court.[8] Our case does not come within the ambit of these areas. We are not dealing with a detention that challenges the authority and operations of the federal government.[9] Nor is relator being harassed by several prosecutions for petty offenses.[10] Nor has it been clearly shown that state procedures have or will inevitably frustrate relator's valid claims.[11] Professor Amsterdam suggests two other areas where pretrial habeas corpus relief should be granted,[12] but, again, relator's situation is not within the scope of these areas. Relator has not claimed that his First Amendment rights have been infringed,[13] nor has he claimed that the criminal indictments here are in areas where state activity is unusual.[14]

Accordingly, relator's request for habeas corpus will be denied.

---

8. Amsterdam, Criminal Prosecutions Affecting Federally Guaranteed Civil Rights: Federal Removal & Habeas Corpus Jurisdiction to Abort State Court Trial, 113 U. Pa. L. Rev. 793, 892–96 (1965); see United States ex rel. Waldron v. Lennox, 244 F.Supp. 239, 244 n. 15 (E.D.Pa.1965).

