UNITED STATES of America ex rel.
Hezekiah THOMAS

v.

Frank C. JOHNSON, Supt.
Civ. A. No. 70-2695.

United States District Court,
E. D. Pennsylvania.
April 19, 1971.

Hezekiah Thomas, in pro. per.

## OPINION AND ORDER

BODY, District Judge.

Before the Court is the request of Hezekiah Thomas for a writ of habeas corpus.

This request is a variation of relator's Civil Rights action recently dismissed by this Court, United States ex rel. Thomas v. Specter, Civil Action No. 69–2279 (E. D.Pa., April 16, 1971). In that action, relator noted that he was under state indictment and requested this Court to bar the defendant Specter from continuing with that prosecution. This habeas petition challenges the same prosecution and requests this Court to grant relator his release.

Relator's present incarceration is not due to the indictments about which he complains, as he himself notes. He is presently serving a sentence imposed in November, 1954. An additional sentence was imposed in connection with a new conviction on December 13, 1965. The latest indictments (Indictment Nos. 281–285, 288, 292 October Sessions, 1969) followed from relator's alleged conduct during disturbances at the Holmesburg Prison in Philadelphia.

We doubt whether we have any power to entertain this petition since relator is, by his own admission, not challenging the constitutionality of the judgments under which he is "in custody".[1] This is, after all, not a case where relator wishes to challenge the constitutionality of a future sentence, since our relator has not as yet been convicted and this Court cannot assume he will be. See Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

To the extent that we may have power to consider this petition, we note that relator has failed to exhaust his state remedies, as required as a matter of comity: Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). We note that before this Court would release relator prior to his trial in the state courts, he must plead very compelling facts to this Court. United States ex rel. Hill v. Hendricks, 321 F. Supp. 300 (E.D.Pa.1970). He has not even attempted to do so in his present petition.

Accordingly, for the above-stated reasons, we must deny this request for a writ of habeas corpus.

---

1.  28 U.S.C. § 2241:
    "(c) The writ of habeas corpus shall not extend to a prisoner unless—
    \* \* \*
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States. \* \* \*"
    This formulation, of course, assumes that our relator is not "in custody" under the indictments now pending against him. We, of course, admit that these pending indictments may threaten and psychologically restrain him. And we also agree that these pending indictments *may* affect to some extent relator's custody under his prior sentences. But we cannot find in this case that this "totality of restraints" with respect to the pending indictments is sufficient to constitute custody. See United States ex rel. Pitts v. Rundle, 325 F.Supp. 480 (E.D.Pa., March 25, 1971).